PER CURIAM.
The State concedes that the trial court erred by failing to enter a written order revoking Defendant’s probation. Recent decisions of this court support that concession. See Oertel v. State, 82 So.3d 152, 157 (Fla. 4th DCA 2012) (“[Ajlthough the trial court orally pronounced the violation of probation, it did not enter a written order.”); King v. State, 46 So.3d 1171, 1172 (Fla. 4th DCA 2010) (“If a trial court revokes a defendant’s probation, the court is required to render a written order noting the specific conditions of probation that were violated.”). The State also concedes that Defendant was not afforded proper notice of the public defender fee, which was later imposed. Pursuant to Florida Rule of Criminal Procedure 3.720(d)(1), Defendant was to have been given notice of the opportunity to object to the amount assessed for public defender’s fees. See also Ciccia v. State, 854 So.2d 243, 243 (Fla. 4th DCA 2003).
Accordingly, we reverse and direct the trial court to strike the public defender’s fee without prejudice to being re-imposed on remand after the proper procedure is followed. We further remand to provide the trial court the opportunity to enter a written order with respect to the revocation of Defendant’s probation and to conform such written order to the trial court’s oral pronouncement.
WARNER, CONNER and FORST, JJ., concur.