DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JONATHAN SOMPS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-3083

[May 27, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Bernard Bober, Judge; L.T. Case Nos. 10-19032 CF10A and 10-19787 CF10A.

Carey Haughwout, Public Defender, and Mara C. Herbert, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Catherine Linton, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, C.J.,

Jonathan Somps appeals the trial court's orders revoking his probation in two separate cases. We affirm in part, reverse in part, and remand for resentencing.

By way of background, Appellant was arrested and charged with one count of grand theft and one count of resisting an officer without violence. He was also arrested and charged in a separate case with one count of grand theft auto, one count of leaving the scene of a crash with personal injuries, one count of petit theft, and one count of resisting an officer without violence. Appellant negotiated a plea in both cases and was sentenced to concurrent five-year probation sentences for grand theft, grand theft auto, and leaving the scene of a crash with personal injuries. The court sentenced Appellant to time served for petit theft and the two counts of resisting an officer without violence.[1]

_____

[1] Time served amounted to five days in one case and eleven days in the other.

Three months later, the state charged Appellant with violating several conditions of his probation. After a violation of probation ("VOP") hearing, the trial court revoked Appellant's probation. During sentencing, the trial court scored leaving the scene of an accident with personal injuries as the primary offense on Appellant's scoresheet and the remaining offenses scored as additional offenses. There was some discrepancy as to the amount of jail credit Appellant was entitled to, but Appellant ultimately agreed to credit for 538 days. Although Appellant's lowest permissible sentence was 13.05 months, the trial court imposed concurrent 48-month prison terms with credit for 538 days served. This appeal follows.

On appeal, Appellant maintains that the trial court erred by: (1) revoking his probation based on a ground not alleged in the affidavit; (2) considering impermissible factors during sentencing; (3) failing to award him full jail credit, and (4) scoring three misdemeanor charges as additional offenses on his scoresheet. We affirm on the first three issues without further discussion. However, we find merit in Appellant's argument concerning his scoresheet and, therefore, reverse and remand for resentencing.

Because Appellant's argument concerning his scoresheet presents a pure issue of law, we apply the de novo standard of review. *Sanders v. State*, 35 So. 3d 864, 868 (Fla. 2010).

Appellant argues that the trial court erred in scoring his charges for petit theft and two counts of resisting an officer without violence as additional offenses because the charges were not pending before the court for sentencing following his VOP. We agree.

A defendant's scoresheet sets forth the permissible range for the sentence a court may impose. *See* § 921.0024(3), Fla. Stat. (2010). It "must cover all the defendant's offenses pending before the court for sentencing." § 921.0024(3) Fla. Stat. A defendant is assigned points for the primary offense and for any additional offenses. § 921.0024(1)(a), Fla. Stat. A primary offense is "the offense at conviction pending before the court for sentencing for which the total sentence points recommend a sanction that is as severe as, or more severe than, the sanction recommended for any other offense committed by the offender and pending before the court at sentencing." § 921.0021(4), Fla. Stat. An additional offense is "any offense other than the primary offense for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense." § 921.0021(1), Fla. Stat.

2

An offense should not be scored as an additional offense following the revocation of a defendant's probation if the defendant completed his sentence as to that offense before the VOP occurred. *See Sanders*, 35 So. 3d at 869 (defendant's third-degree felonies were not properly scored as additional offenses following the revocation of his probation because defendant completed probation as to the third-degree felonies before the VOP).

Here, Appellant was originally sentenced to concurrent probation terms in his two underlying cases. In the first case, the court imposed five years of probation for grand theft and time served for resisting an officer without violence. In the second case, the court imposed five years of probation for both grand theft auto and leaving the scene of an accident with injuries and time served for petit theft and resisting an officer without violence. Upon the revocation of Appellant's probation, Appellant's scoresheet listed leaving the scene of an accident with injuries as the primary offense and the remaining charges as additional offenses. This was error. Appellant completed his sentence for petit theft and two counts of resisting an officer without violence before the VOP occurred. Thus, those three offenses were not pending before the court for sentencing and were erroneously scored as additional offenses on Appellant's scoresheet following the revocation of his probation. *See id.*

"When a scoresheet error is challenged on direct appeal, via a motion under Florida Rule of Criminal Procedure 3.800(b) or via a motion under Florida Rule of Criminal Procedure 3.850, the error 'is harmless if the record conclusively shows that the trial court *would have imposed* the same sentence using a correct scoresheet.'" *See id.* at 870–71 (quoting *Brooks v. State*, 969 So. 2d 238, 241 (Fla. 2007)). This standard applies here because Appellant challenged the scoring of his misdemeanor offenses in a rule 3.800(b) motion and argued the point on direct appeal.

In *Sanders*, the scoresheet error was harmful because the lowest permissible sentence was reduced by almost two years on the corrected scoresheet and the record showed that the trial judge heavily relied on the lowest permissible sentence when formulating the defendant's sentence. *Id.* at 871–72. Here, the difference between the lowest permissible sentence utilized by the trial court and the lowest permissible sentence on Appellant's corrected scoresheet is far less significant. Moreover, the trial court imposed a sentence well above the lowest permissible sentence—forty-eight months. While this certainly suggests that the trial court would have imposed the same sentence using the corrected scoresheet, the record does not *conclusively* establish that the trial court would have imposed the same sentence, had the three

3

misdemeanor charges not been scored as additional offenses. Accordingly, we conclude that the error was harmful and reverse and remand for resentencing.

*Affirmed in part, Reversed in part, and Remanded.*

TAYLOR and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**