William D. ANDREWS, Appellant,

v.

STATE of Florida, Appellee.

No. 4D16–903

District Court of Appeal of Florida, Fourth District.

[January 4, 2017]

Carey Haughwout, Public Defender, and Stacey Kime, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

Ciklin, C.J.

The defendant appeals his sentences of fifteen and five years' imprisonment for armed burglary and related crimes committed when he was seventeen years old. As grounds for his appeal, he points to the trial court's statement at sentencing that judges for the Circuit Court of the Nineteenth Judicial Circuit "try to send a message up here to stay out of the Nineteenth Circuit." The defendant argues that the trial court erred both by considering general deterrence as a sentencing factor and by considering his domicile in imposing his sentence. Due to recent precedent of this court holding that general deterrence is a permissible sentencing factor, *see Charles v. State*, 204 So.3d 63 (Fla. 4th DCA 2016), the defendant's first argument is unavailing. However, we find that the trial court erred in basing the sentence on the fact that the defendant is from out of town, and we reverse and remand for resentencing.

The defendant, whose criminal history is minimal, entered a plea of nolo contendere to his charged crimes, which he committed in concert with two co-defendants. Before sentencing the defendant, a Broward County resident, the trial court stated as follows:

> [W]e punish for a whole bunch of reasons. You know, retribution, atonement, expiation, incapacitation, specific deterrence, but in this type of case especially general deterrence is a really important ... sentencing consideration. I know Judge Bauer's had these pillowcase burglaries and he said, "You do not come into my circuit and do this." And ... the point being is that what you might get away with down in Broward we—we try to send a message up here to stay out of the Nineteenth Circuit, don't break into

our homes, don't bring guns up here and punches and break into our homes because it's different up here. And that's why people move up here because they want to raise a place—raise their families in a place where they don't have people breaking in their homes. So it's a serious crime and ... it needs a proportionate punishment.

The trial court sentenced the defendant to the State of Florida prison system for fifteen years followed by fifteen years of probation for the burglary counts, and imprisonment for five years on the remaining counts. The sentences are to run concurrently.

■ The defendant argues on appeal that the trial court erroneously relied on his out-of-county residency as a sentencing factor.

■ When sentencing within the statutory range, as here, the trial court may consider a variety of factors. *Imbert v. State*, 154 So.3d 1174, 1175 (Fla. 4th DCA 2015). Though a variety of factors may be considered, "the CPC is unambiguous concerning the factors a trial court may consider in sentencing a defendant." *Norvil v. State*, 191 So.3d 406, 409 (Fla. 2016). A defendant's due process rights are violated where an impermissible factor is considered in sentencing. *See id.* at 408.

The *Norvil* court's analysis is instructive to this issue. In *Norvil*, the Florida Supreme Court looked to section 921.231, Florida Statutes (2010), the statute outlining factors to be included in presentence investigation reports (PSIs), in determining which factors may appropriately be considered in sentencing a defendant. *Norvil*, 191 So.3d at 409. The statute instructs that the PSI shall include "[t]he residence history of the offender." § 921.231(1)(h), Fla. Stat. (2016).

The wording of subsection 921.231(1)(h) is plain that residence *history* of the defendant was to be considered, not merely his residence at the time of the crime. Because PSIs are designed to "provide the sentencing court with information [regarding the offender] that is helpful in determining the type of sentence that should be imposed," *Norvil*, 191 So.3d at 409, and because the subsection uses the word "history," it seems that the subsection seeks information regarding whether the defendant has a stable domicile, not whether he traveled from another county to commit the crime.

There does not appear to be any authority specifically discussing this subsection, or any binding case law on the issue. *But see Alfonso–Roche v. State*, 199 So.3d 941, 949 (Fla. 4th DCA 2016) (Gross, J., concurring) ("[I]t is not as if there is a rational market theory of criminality where would-be criminals make an empirical study of sentencing practices before deciding on the geographical location of their crimes."). Other jurisdictions have tackled this issue and found that the residence of the offender is not a valid basis for aggravating a sentence. *See United States v. Diamond*, 561 F.2d 557, 559 (4th Cir. 1977) (vacating sentence where trial judge stated that "the Court takes a dim view of people coming down from New York to commit their crimes in Virginia"); *see also Jackson v. State*, 364 Md. 192, 772 A.2d 273, 278 (2001) ("Simply stated, it is not permissible to base the severity of sentencing on where people live, have lived, or where they were raised.").

Moreover, imposing a stiffer sentence merely because the defendant does not reside in St. Lucie County does not result in a sentence that is proportionate to the offense. *See generally Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 2463, 183 L.Ed.2d 407 (2012) ("[P]unishment for crime should be graduated and proportioned to both the offender and the of-fense.") (internal quotation marks omitted) (citing *Roper v. Simmons*, 543 U.S. 551, 560, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005)). Further, such a factor seems even more inappropriately applied to a juvenile, who has "limited control over [his] own environment." *Id.* at 2464 (alterations and quotation marks omitted) (citing *Roper*, 543 U.S. at 570, 125 S.Ct. 1183).

Consequently, we reverse and remand for resentencing before a different judge, who may not consider the defendant's out-of-county residency.

*Reversed and remanded.*

May and Damoorgian, JJ., concur.