Taylor, J.
James Earl Chambers appeals his conviction and sentence for robbery with a deadly weapon. We conclude that the trial court properly denied appellant’s motion for judgment of acquittal and affirm his conviction. However, we reverse for resen-tencing due to a scoresheet error and the imposition of indigent defense fees and state investigative costs.
The state’s evidence showed that a masked robber fled from the scene of the convenience store robbery in appellant’s vehicle. Appellant argues that the state failed to prove the identity of the robber and rebut his hypothesis of innocence. We disagree. Appellant’s attempt to cash a lottery ticket that was stolen during the robbery, his admission that he was at the scene of the crime and changing explanations for his whereabouts during the robbery, and his initial failure to report to law enforcement his version that he was carjacked and held under duress while one of the carjackers robbed the store, all constituted evidence inconsistent with his hypothesis of innocence. The state proved more than appellant’s “mere presence” at the scene, and it was within the province of the jury to disbelieve appellant’s version of events. The trial court properly denied appellant’s motion for judgment of acquittal and allowed the jury to resolve the inconsistency between the state’s evidence and appellant’s theory of innocence. See Boyd v. State, 910 So.2d 167, 181 (Fla. 2005).
Appellant raises several issues regarding his sentence. We first address appellant’s argument that the trial court improperly based his 20-year prison sentence on a desire to send a message to would-be offenders. Although the trial court did not use the exact phrase “send a message to the community,” it expressly considered general deterrence as a basis for appellant’s sentence, stating: “We sentence for a specific deterrent, and general deterrent, especially in Saint Lucie County. People need to know if you commit a crime with a firearm, there’s going to be a pretty serious consequence. Even if it’s your very first crime.”
In Charles v. State, 204 So.3d 63, 67 (Fla. 4th DCA 2016), we recently held that “it is not impermissible for a sentence to be used as a means of general deterrence.” There, we explained that “deterrence, both general (‘send a message to the community[1]) and specific (send a message to the individual being sentenced), is not merely one factor amidst the sea of relevant sentencing considerations; it is a key component of punishment itself—the ‘primary purpose’ of sentencing under the CPC [Criminal Punishment Code].” Id. Thus, where a sentence comports with the sentencing guidelines, a trial court’s consideration of deterrence as a sentencing factor does not violate a defendant’s due process rights. Id. at 66-67.
Along similar lines, appellant also argues that the trial court improperly treated the offense’s location in St. Lucie County as a sentencing aggravator. As mentioned above, when sentencing appellant, the trial court stated: “We sentence for a specific deterrent, and general deterrent, especially in Saint Lucie County.”
Recently, in Andrews v. State, 207 So.3d 889 (Fla. 4th DCA 2017), we held that the trial judge erred in basing the defendant’s sentence on the fact that the defendant was from out-of-town. There, the trial judge, who is the same judge who presided over this case, commented: “[T]he point being is that what you might get away with down in Broward we—we try to send *213 a message up here to stay out of the Nineteenth Circuit, don’t break into our homes ... because it’s different up here.” Id. at 890.
We explained in Andrews that, though a variety of factors may be considered when sentencing a defendant within the statutory range, “the CPC is unambiguous concerning the factors a trial court may consider in sentencing a defendant.” Id. (quoting Norvil v. State, 191 So.3d 406, 409 (Fla. 2016)). Because out-of-county residence is not a permissible sentencing factor, we reversed the defendant’s sentence and remanded for resentencing before a different judge. Id. at 891.
Andrews is factually distinguishable from this case because appellant was not from another county. He resided in St. Lucie County. Nonetheless, appellant argues that the trial judge sentenced him more harshly based on the offense’s location in St. Lucie County, which is not a valid sentencing factor under the CPC.
Although we agree with appellant that the county in which a crime is committed is not a valid sentencing consideration under the CPC, we do not interpret the trial judge’s comments to mean that he was sentencing appellant more harshly because the crime was committed in St. Lucie County. Rather, it appears that the trial judge was merely observing that specific and general deterrence, which are permissible sentencing considerations, are important sentencing policies in St. Lucie County. Given this construction of the trial court’s comments, we cannot conclude that the court improperly considered the offense’s location as a sentencing factor.
Appellant next argues that he must be resentenced because his CPC score-sheet erroneously included 18 points for possessing a firearm.[1] The state concedes this scoresheet error, but argues that the error was harmless. The state points out that, although the minimum sentence of 61.65 months was reflected on the score-sheet, the trial court sentenced appellant to 20 years followed by 10 years of probation. Thus, the state contends that a reduction in the minimum sentence to 49.50 months would not result in a different sentence.[2]
Whether the scoresheet error was harmless is a close issue. When a score-sheet error is challenged on direct appeal, the error “is harmless if the record conclusively shows that the trial court would have imposed the same sentence using a correct scoresheet.” Brooks v. State, 969 So.2d 238, 241 (Fla. 2007).
In Somps v. State, 183 So.3d 1090 (Fla. 4th DCA 2015), we found that a scoresheet error was not harmless error, even though: (1) there was only a slight difference between the lowest permissible sentence utilized by the trial court and the lowest permissible sentence on the defendant’s corrected scoresheet, and (2) the trial court imposed a 48-month sentence, which was well above the lowest permissible sentence of 13.05 months on the defendant’s original scoresheet. We explained:
Moreover, the trial court imposed a sentence well above the lowest permissible sentence—forty-eight months. While this certainly suggests that the trial court would have imposed the same sen *214 tence using the corrected scoresheet, the record does not conclusively establish that the trial court would have imposed the same sentence ....
Id. at 1093.
Similarly, the Fifth District held that the erroneous inclusion of points on the defendant’s scoresheet “affected the minimum sentence which could be imposed and, even though the minimum sentence was not imposed, this court cannot determine that the trial court would have imposed the sentence it did had it correctly calculated the scoresheet when [the defendant] was originally sentenced.” Espiet v. State, 797 So.2d 598, 604 (Fla. 5th DCA 2001).
Here, we cannot say that the record conclusively establishes that the trial court would have imposed the same sentence with a corrected scoresheet. As the state suggests, it is highly probable that the trial court would have imposed the same sentence, in light of the roughly 15-year difference between appellant’s prison sentence and the lowest permissible sentence on the original scoresheet, coupled with the trial court’s intent to impose a lengthy sentence based on the seriousness of the crime and expressed goal of providing a deterrent. However, as we stated in Somps, while the trial court’s imposition of a sentence well above the minimum “certainly suggests that the trial court would have imposed the same sentence using the corrected scoresheet, the record does not conclusively establish that the trial court would have imposed the same sentence.” 183 So.3d at 1093. Accordingly, we reverse and remand for resentencing on this issue.
We affirm on all other sentencing issues raised in this appeal, but reverse the trial court’s imposition of a lien for indigent defense fees above the $100 minimum allowed under section 938.29(l)(a), Florida Statutes (2015), because the trial court did not give appellant notice of his right to a hearing to contest the amount of the lien and make factual findings supporting the higher amount of fees. See Forbes v. State, 127 So.3d 826, 826 (Fla. 4th DCA 2013); Maestas v. State, 76 So.3d 991, 993 (Fla. 4th DCA 2011). We reverse on this issue and direct the trial court to strike the $2,000 lien for indigent defense fees without prejudice to re-imposing the lien on remand “after the proper procedure is followed.” Forbes, 127 So.3d at 826.
We also reverse the trial court’s imposition of a $50 charge for investigative costs where the record does not demonstrate that the state requested reimbursement for these costs. See Felton v. State, 939 So.2d 1159, 1159 (Fla. 4th DCA 2006). On remand, the trial court shall strike imposition of these costs, but because the state did not request these investigative costs below, the trial court may not reimpose these costs. See Mills v. State, 177 So.3d 984, 988 (Fla. 1st DCA 2015).

Affirmed in part, Reversed in part, and Remanded.

Conner and Forst, JJ., concur.

. Here, because robbery is an enumerated felony under section 775.087(2), Florida Statutes, it was error to include 18 points on appellant’s scoresheet for possession of a firearm. See Kelly v. State, 796 So.2d 578, 579 (Fla. 2d DCA 2001).

. The trial court previously ruled that, due to a defect in the charging document, appellant was not subject to the 10-year mandatory minimum sentence under the 10-20-Life statute.