# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D16-4375
_____

JON PAUL HOGLE,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Walton County.
Kelvin C. Wells, Judge.

June 18, 2018

PER CURIAM.

Jon Hogle exposed himself to a thirteen-year-old girl on a panhandle beach. He was convicted of lewd or lascivious exhibition, and he was sentenced to five years in prison and ten years of sex-offender probation. On appeal, he argues that the trial court erred in denying a motion in limine and that fundamental error occurred during the prosecutor's closing statement. We reject these arguments and affirm Hogle's convictions. Hogle also argues that the court erred in imposing various fines and costs during sentencing. We agree that several fines were improper, so we reverse certain aspects of his sentence.

## I.

At trial, the victim testified that she was jogging on the beach when she heard Hogle yell to her from a nearby condo. She turned to look and saw Hogle, pants down, touching his erect penis while making eye contact with her. The victim immediately called police and then ran down the beach toward her sister. She pointed out Hogle to her sister, and then she and her sister went inside their condo. The victim told her mother what happened, and everyone waited for police to arrive. The victim and her sister then saw Hogle drive by in a truck two or three times. Police had arrived by the last time Hogle drove by, and an officer took off after Hogle, ultimately stopping and arresting him.

When questioned by officers, Hogle denied exposing himself. But testifying at trial, Hogle admitted pulling his pants down that afternoon. He insisted it was all a misunderstood joke though, and that he neither touched himself nor saw any children around. Instead, he testified, an adult friend had just flashed her breasts, and he responded by momentarily flashing his genitals.

After hearing these competing versions of events, the jury voted to convict.

## II.

Hogle first challenges an evidentiary ruling. He contends the trial court should not have allowed testimony that he drove by the victim's condo after the incident. Hogle argues this testimony was irrelevant or, alternatively, that any probative value was substantially outweighed by the risk of unfair prejudice. We review this claim for an abuse of discretion. *See Heath v. State*, 648 So. 2d 660, 664 (Fla. 1994) ("The trial court has broad discretion in determining the relevance of evidence and such determination will not be disturbed absent an abuse of discretion." (citation omitted)).

As to relevance, Hogle argues that there was no question of identity; after all, he admitted at trial that he was the one on the balcony with his pants down. Where he drove afterward, he argues, is completely irrelevant to whether his behavior on the balcony was criminal. The problem with this argument is that until he testified in his own defense, his identity was in question.

The State had to prove that he was the one on the balcony, and the sisters' testimony that they saw the man from the balcony repeatedly drive by their condo—coupled with the officer's testimony that the man they pointed out turned out to be Hogle— was relevant as to whether Hogle was the perpetrator. *See Carter v. State*, 23 So. 3d 1238, 1243 (Fla. 4th DCA 2009) (finding testimony about defendant's companions on the day of carjacking relevant because it tended to prove the material fact of the identity of the assailant). The evidence was relevant, and we do not find the trial court abused its discretion in concluding that the risk of unfair prejudice (if any) did not substantially outweigh the probative value. *See* § 90.403, Fla. Stat. (2016).

## III.

Hogle next argues that the prosecutor's closing argument misstated the law and shifted the burden of proof, warranting a new trial. Because Hogle offered no objection below, we review only for fundamental error. *See Rimmer v. State*, 825 So. 2d 304, 323 (Fla. 2002).

During closing, Hogle's attorney argued that Hogle briefly flashed a friend at the beach and that the victim was mistaken in thinking Hogle had an erection. In rebuttal, the prosecutor responded:

> The Judge is going to tell you that a reasonable doubt as to the guilt of the defendant may arise from the evidence, conflict in the evidence, or the lack of evidence. The defendant took the stand today and he said, I was out there and my friend flashed me and I flashed her back in a joking manner. But the only evidence that we have to support that is Mr. Hogle's testimony. The only evidence to support that claim. And Mr. Hogle himself said that he has been dishonest in the course of this investigation.
>
> So you have to determine whether or not you can believe what he's telling you. Whether or not that testimony is credible. Or whether or not the testimony of [the victim] that's supported by the evidence in this case, that is supported by other testimony[,] whether or not her testimony is credible. . . . The State has to prove that he

3

exposed himself in a lewd or lascivious manner. And the testimony from [the victim] is that he did.

This argument did not improperly shift the burden of proof. Although the state cannot comment on a defendant's failure to produce evidence to refute an element of the crime, *Jackson v. State*, 575 So. 2d 181, 188 (Fla. 1991) (noting that "doing so could erroneously lead the jury to believe that the defendant carried the burden of introducing evidence"), here the prosecutor was instead noting the lack of credible evidence to support Hogle's theory. Defense counsel had challenged the credibility of the victim's testimony during its closing argument, and the prosecutor was permitted to respond. *See Bell v. State*, 108 So. 3d 639, 648 (Fla. 2013) (rejecting burden-shifting argument: "When considered in context, the prosecutor's comment is properly understood as a statement on the jury's duty to analyze the evidence presented at trial followed by the prosecutor's argument regarding what conclusion the jury should reach from the evidence."). We also reject Hogle's argument that the prosecutor misstated the law in such a way as to produce fundamental error.

IV.

Finally, Hogle challenges various fines and costs imposed by the trial court. At sentencing, the court orally imposed a lump sum of $775 in fines and costs, as well as $2,524.79 for the cost of prosecution. The written judgment imposed $3,850.79 in fines and costs based on various statutes. While this appeal was pending, Hogle filed a rule 3.800(b)(2) motion to correct sentence, arguing the lower court erred in imposing seven fines or costs. The court denied the motion, and Hogle now challenges the same seven fees on appeal. We conclude that five of the fees must be stricken, but we affirm the court's imposition of the remaining two.

In the written judgment, the court imposed $225 for felony court costs and an additional $100 for misdemeanor court costs pursuant to section 938.05(1), Florida Statutes. However, because Hogle was not convicted of any misdemeanors, the court should not have included the $100. Additionally, the court imposed a $342.86 fine pursuant to section 775.083, as well as a related $17.14 surcharge pursuant to section 938.04. Because the court imposed these as part of the $775 lump sum, the court erred. *See Nix v.*

4

*State*, 84 So. 3d 424, 426 (Fla. 1st DCA 2012) ("The fine authorized by section 775.083(1) is discretionary and, thus, it was error for the trial court to impose the $1,050 fine under this statute without specifically pronouncing the fine at the sentencing hearing. . . . Because this fine was erroneously imposed, the surcharge under section 938.04, which is based on the amount of fine, must also be reversed."). The State concedes these charges must be stricken.

The trial court also imposed a $250 public defender representation fee pursuant to section 938.29(1)(a), as well as $2,5247.79 for prosecution costs pursuant to section 938.27(8). The public defender fee must be stricken because the court did not make findings to support the higher-than-minimum amount permitted by the statute. *See Chambers v. State*, 217 So. 3d 210, 214 (Fla. 4th DCA 2017). The prosecution costs must also be stricken, as the State concedes, because the court imposed the costs without sufficient evidence of actual costs. *See* § 938.27(8), Fla. Stat. (2016) (requiring state attorney costs to be set at no less than $100 per felony case but permitting the court to set a higher amount "upon a showing of sufficient proof of higher costs incurred"); *Brown v. State*, 189 So. 3d 837, 840 (Fla. 4th DCA 2015) ("[T]he state failed to provide competent substantial evidence of these costs. Although the state attached a 'costs compilation' invoice to its motion for costs of prosecution and proffered testimony from one of its employees, the document never was admitted into evidence and the testimony never was taken. We therefore reverse for a new hearing on costs."). On remand, the court may reimpose these costs after following the proper procedure. We find no error with respect to the remaining aspects of the sentence.

V.

Because there was no reversible error related to the motion in limine or the prosecutor's closing arguments, we affirm Hogle's conviction. But we reverse and remand for resentencing consistent with this opinion.

AFFIRMED in part; REVERSED in part; REMANDED.

LEWIS, KELSEY, and WINSOR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Andy Thomas, Public Defender, and Danielle Jorden, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Kaitlin Weiss, Assistant Attorney General, Tallahassee, for Appellee.