DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMAAL DESROSIERS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-2547

[December 11, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Gary L. Sweet, Judge; L.T. Case No. 562017CF002261A.

Carey Haughwout, Public Defender, and Jessica A. De Vera, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Jamaal Desrosiers appeals the trial court's denial of his Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing error for drug-related charges. Desrosiers argues he is entitled to be resentenced because of a scoresheet error and that the case should be remanded to correct cost errors. We find the scoresheet error harmless but remand the case to the trial court to make the requisite cost corrections.

During the sentencing hearing, Desrosiers requested a sentence of four years to run concurrently with a prior sentence. The scoresheet used by the trial court erroneously included a prior count scored at .2 points, thus increasing Desrosiers' lowest permissible sentence from 20.315 months to 20.175 months. The trial court sentenced Desrosiers to six years in prison to run concurrently with his prior sentence. The trial court then imposed costs totaling $793.00: $418.00 in court costs, $200.00 in prosecution costs, $50.00 in investigatory costs, and $125.00 for the county drug abuse trust fund. The trial court did not make any factual findings regarding these costs and the State did not make any request that these costs be imposed.

After he was sentenced, Desrosiers filed a rule 3.800(b)(2) motion for resentencing with the trial court, alleging the trial court relied on an incorrect scoresheet and requesting the discretionary costs be struck because the State had not requested them.  The trial court did not timely enter an order on the motion and it was deemed denied.[1]  On appeal, the State concedes that the above costs were assessed in error and agrees that the case should be remanded to assess appropriate costs but maintains that the scoresheet error was harmless.

## A. Scoresheet Error

"A defendant who illustrates an erroneous imposition of points on his scoresheet is entitled to have the errors corrected.  However, that defendant is not entitled to resentencing if the errors were harmless." *Zelaya v. State*, 257 So. 3d 493, 497 (Fla. 4th DCA 2018) (citations omitted).  "[T]he error 'is harmless if the record conclusively shows that the trial court *would have imposed* the same sentence using a correct scoresheet.'" *Somps v. State*, 183 So. 3d 1090, 1093 (Fla. 4th DCA 2015) (quoting *Sanders v. State*, 35 So. 3d 864, 870-71 (Fla. 2010)).

Here, Desrosiers has shown and the State has conceded that the scoresheet was defective.  However, the error is harmless because Desrosiers requested a four-year prison sentence, which amounts to more than 20.325 months.  *See Adlington v. State*, 931 So. 2d 1040, 1042 (4th DCA 2006).  It follows that the trial court would have imposed the same sentence even with a corrected scoresheet because Desrosiers agreed that his sentence should have been at least four years.  Although the error is harmless, Desrosiers remains entitled to have this scoresheet error corrected on remand.  *See Zelaya*, 257 So. 3d at 497.

## B. Court Costs

In a criminal case, a trial courts must assess a $100.00 fee in prosecution costs and a $225.00 fee where the defendant is convicted of a felony.  *See* §§ 938.27(8), 938.05(1), Fla. Stat. (2017).  Trial courts may impose discretionary costs above these amounts, but where the trial court fails to make the appropriate factual findings regarding these costs, these fees will be reduced to the mandatory fee amounts.  *See Brown v. State*, 658 So. 2d 1058, 1059 (Fla. 2d DCA 1995).  On remand, courts may reimpose discretionary costs if they are supported by the requisite factual

---

[1] *See* Fla. R. Crim. P. 3.800(b)(1)(B).

findings.  *See id.*; *accord Hogle v. State*, 250 So. 3d 178, 181 (Fla. 1st DCA 2018).

In drug cases, the trial court may assess fees for the county drug abuse trust fund.  *See* § 938.23, Fla. Stat. (2017).  However, the court must consider the defendant's ability to pay prior to assessing these fees.  *See Gunn v. State*, 818 So. 2d 681, 681 (Fla. 4th DCA).  These costs may be reimposed on remand if the trial court finds that the defendant has the ability to pay.  *See id.*

Trial courts may impose investigatory costs, but only when requested by the State or agency involved.  *See Chambers v. State*, 217 So. 3d 210, 214 (Fla. 4th DCA 2017).  Trial courts cannot impose investigative costs "where the record does not demonstrate that the [S]tate requested reimbursements for these costs."  *Id.*  If these costs are not requested by the State, they must be stricken and cannot be imposed on remand.  *See id.*

Desrosiers' case must be remanded because the trial court failed to make any factual findings when imposing costs.  On remand, the trial court must impose the mandatory $100.00 fee in prosecution costs and the $225.00 fee in court costs.  *See* §§ 938.27(8), 938.05(1), Fla. Stat. (2017).  The trial court may impose further costs if it makes appropriate factual findings to support the imposition of those costs.  *See Brown*, 658 So. 2d at 1059; *Hogle*, 250 So. 3d at 181.  The trial court may also reimpose fees for the county drug abuse trust fund if it finds Desrosiers has the ability to pay.  *See Gunn*, 818 So. 2d at 681.  However, the trial court may not reimpose investigatory costs because the State did not request them below.  *See Chambers*, 217 So. 3d at 214.

*Affirmed and remanded with instructions.*

GROSS, KLINGENSMITH and KUNTZ, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

3