# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**MICHAEL ARMAND DELORME,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-1510

[March 4, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Gary L. Sweet, Judge; L.T. Case No. 562011CF000962 A.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and James J. Carney, Senior Assistant Attorney General, West Palm Beach, for appellee.

**ON CONFESSION OF ERROR**

CONNER, J.

Appellant, Michael Armand Delorme, appeals the denial of his motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). In the motion, Appellant argued that he was sentenced on a violation of probation based on an incorrect scoresheet. Specifically, he alleged that there were seventeen counts of third-degree grand theft erroneously listed on the scoresheet as "additional offense(s)." The State agrees that the trial court erred. Because Appellant completed his sentences for those seventeen counts of third-degree grand theft prior to the time he violated his probation, and therefore, those counts were not "pending before the court for sentencing at the time of the primary offense," we agree the scoresheet was scored improperly. *See* § 921.0021(1), Fla. Stat. (2011) (defining "[a]dditional offense" as "any offense other than the primary offense for which an offender is convicted and which *is pending before the court for sentencing* at the time of the primary offense" (emphasis added)); *see also Sanders v. State*, 35 So. 3d 864, 866 (Fla. 2010) ("Offenses over which the trial court no longer has

jurisdiction cannot be scored as additional offenses during a sentencing proceeding following a violation of probation because they do not fit the definition of 'additional offense' set out in section 921.0021, Florida Statutes (1999)."); *Somps v. State*, 183 So. 3d 1090, 1092 (Fla. 4th DCA 2015) ("An offense should not be scored as an additional offense following the revocation of a defendant's probation if the defendant completed his sentence as to that offense before the VOP occurred."). Accordingly, we reverse and remand for resentencing.

*Reverse and remand for resentencing.*

MAY and CIKLIN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***