DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL BARTOLONE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-3920

[October 20, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Gary L. Sweet, Judge; L.T. Case No. 562018CF002764.

Carey Haughwout, Public Defender, and Virginia Murphy, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING AND/OR
MOTION FOR REHEARING EN BANC

FORST, J.

We deny the State's motion for rehearing en banc but grant the State's motion for rehearing. We thus withdraw our opinion dated May 26, 2021 and issue the following in its place.

Appellant Michael Bartolone challenges the trial court's denial of his motion for judgment of acquittal ("JOA") with respect to his conviction for possession with intent to sell, manufacture, or deliver both Tetrahydrocannabinol ("THC") and more than twenty grams of cannabis.[1] He also appeals several costs and fees imposed by the court. As the State provided competent substantial evidence of joint constructive possession, we affirm the trial court's denial of Appellant's motion for JOA. However, as we find that Appellant preserved his challenge to the costs and fees, we

---

[1] Appellant does not appeal his conviction for use or possession of drug paraphernalia.

accept the State's confession of error and reverse and remand for the trial court to (1) strike the unrequested and discretionary investigative costs, costs of prosecution, discretionary court costs, and fees for the Drug Abuse Trust Fund, and (2) for further proceedings as discussed below.

## Denial of Motion for JOA

Both before and after the jury's verdict on the charges of possession with intent to sell, manufacture, or deliver THC and cannabis, Appellant moved for JOA, arguing that there was no evidence that he knew of and intentionally exercised control over the narcotics. He claimed he could not enter the residence where the drugs were found on his own, and he did not have sole possession of the house. The trial court initially reserved ruling on the motion. Following the trial and the jury's guilty verdict, the court denied the motion.

We review a motion for JOA de novo and will not reverse a conviction that is supported by competent substantial evidence. *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002) (citing *Tibbs v. State*, 397 So. 2d 1120 (Fla. 1981) and *Donaldson v. State*, 722 So. 2d 177 (Fla. 1998)). "In moving for a judgment of acquittal, a defendant admits the facts in evidence and every conclusion favorable to the adverse party that may be fairly and reasonably inferred from the evidence." *Turner v. State*, 29 So. 3d 361, 364 (Fla. 4th DCA 2010). "A trial court should not grant a motion for [JOA] 'unless the evidence, when viewed in a light most favorable to the State, fails to establish a prima facie case of guilt.'" *State v. Lee*, 230 So. 3d 886, 888 (Fla. 4th DCA 2017) (quoting *State v. Odom*, 862 So. 2d 56, 59 (Fla. 2d DCA 2003)). "If the [S]tate establishes a prima facie case of guilt, a trial court errs in granting a motion for [JOA]." *Id.*

"A defendant may be convicted of possession if he is found to be in constructive [or joint constructive] possession of contraband." *Id.* A defendant has constructive possession where he "does not have actual, physical possession of the controlled substance, but knows of its presence on or about the premises, [and where he] has the ability to exercise and maintain control over the contraband." *Harris v. State*, 954 So. 2d 1260, 1262 (Fla. 5th DCA 2007); *see also Ubiles v. State*, 23 So. 3d 1288, 1291 (Fla. 4th DCA 2010). Where contraband is discovered in jointly occupied premises, the State cannot infer such knowledge and control through the defendant's control over the premises, but it must introduce independent proof that the defendant had knowledge of and ability to control the contraband to "support the inference of a conscious and substantial possession by the accused, as distinguished from a mere involuntary or superficial possession." *Bennett v. State,* 46 So. 3d 1181, 1184 (Fla. 2d

2

DCA 2010) (internal quotations omitted); *State v. Odom*, 56 So. 3d 46, 50 (Fla. 5th DCA 2011).

Here, the State introduced evidence that while surveilling the property over the course of months, officers observed Appellant outside the property multiple times. They discovered Appellant's fingerprints on various items throughout the house—namely, a box of paraphernalia, a grinder used to grind cannabis into smaller pieces, five separate THC vape cartridges, and a trash bag containing vacuum sealed baggies of cannabis residue. Appellant also possessed a key to the residence. Thus, the State introduced competent substantial evidence to support the denial of Appellant's motion for JOA and the jury's guilty verdict. *See Pagan*, 830 So. 2d at 803 ("If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.").

## Imposition of Costs and Fees

In addition to sentencing Appellant to forty-five days in jail and two years of probation, the court also, *sua sponte*, ordered him to pay: (1) $50 for the cost of investigation; (2) $200 for the cost of prosecution; (3) $418 in "court costs"; (4) and a $125 assessment for the Drug Abuse Trust Fund. Appellant subsequently filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), alleging sentencing error; this motion was not addressed by the trial court and is now before us as part of the appeal.

Appellant argues: (1) the court could not impose investigative costs under section 938.27, Florida Statutes (2019), because the investigating agency did not make a request for such costs, either on its own or through the State; (2) the court erred in imposing costs of prosecution in excess of $100 where the State did not request an increased fee, did not present evidence to support an increased fee, and did not provide notice to Appellant so that he could contest the increased fee; (3) the court could not impose discretionary "court costs" of $418 without making the appropriate factual findings; and (4) the court could not assess fees for the Drug Abuse Trust Fund without first considering Appellant's ability to pay.

### A. Appellant's arguments regarding the costs were preserved for appeal

The State concedes that imposition of these costs and fees was error, but it argues that Appellant did not properly preserve this argument because he failed to make a contemporaneous objection at the sentencing hearing. We reject the State's failure-to-preserve argument.

This court has consistently held that "a claim that the trial court improperly assessed costs in a sentencing order is an error that may be preserved in a Rule 3.800(b) motion." *Anderson v. State*, 229 So. 3d 383, 386 (Fla. 4th DCA 2017) (citing *Jackson v. State*, 983 So. 2d 562, 572–74 (Fla. 2008)); *Felton v. State*, 939 So. 2d 1159, 1159 (Fla. 4th DCA 2006) (reversing the trial court's imposition of "prosecution and investigative costs" based on errors first raised in defendant's rule 3.800(b)(2) motion).

Recently, in *Ingalls v. State*, 304 So. 3d 21 (Fla. 4th DCA 2020), we held that, with respect to "the trial court impos[ing] numerous costs," the defendant "preserved his arguments by raising them in a motion to correct sentence." *Id.* at 21 (citing *Allen v. State*, 172 So. 3d 523, 524–25 (Fla. 4th DCA 2015)). In *Allen*, we addressed the State's argument that the appellant "may not appeal the imposition of the fee in this case because he raised no objection to the oral pronouncement imposing the fee," responding that "despite the State's assertions, it is well-settled that a defendant may raise unpreserved sentencing errors under a rule 3.800(b)(2) motion." 172 So. 3d at 524–25; *see also Gardner v. State*, 308 So. 3d 1106, 1107 (Fla. 2d 2020) (citing to *Ingalls* as support for a remand to correct the "improper imposition of costs" that was raised in a 3.800(b)(2) motion); *Gedehomme v. State*, 160 So. 3d 533, 534 (Fla. 2d DCA 2015) ("A rule 3.800(b)(2) motion is the appropriate mechanism to seek relief from the erroneous imposition of costs.").

### B. The trial court erred in imposing certain costs and fees

(1) <u>Investigative costs of $50</u>. Although section 938.27(1), Florida Statutes (2019), provides that "[i]n all criminal . . . cases, convicted persons are liable for payment of the costs of prosecution, including investigative costs incurred by law enforcement agencies," these costs are imposed "if requested by such agencies." *Id.*; *Richards v. State*, 288 So. 3d 574, 576 (Fla. 2020) (since the State had the opportunity to request investigative costs during the trial court proceedings but chose not to, it is not to be afforded "the forbidden second bite at satisfying the statute's requirements"); *Desrosiers v. State*, 286 So. 3d 297, 300 (Fla. 4th DCA 2019) ("Trial courts cannot impose investigative costs 'where the record does not demonstrate that the [S]tate requested reimbursement for these costs.' If these costs are not requested by the State, they must be stricken and cannot be imposed on remand." (alteration in original and internal citation omitted) (quoting *Chambers v. State*, 217 So. 3d 210, 214 (Fla. 4th DCA 2017))). The State has conceded that it has no objection to this cost being stricken.

(2) Prosecution costs of $200. Section 938.27(8) states that "[c]osts for the state attorney must be set in all cases at no less than . . . $100 per case when a felony offense is charged," and "[t]he court may set a higher amount upon a showing of sufficient proof of higher costs incurred." *Id.* It is the State's burden to prove the costs incurred by the prosecution. § 938.27(4), Fla. Stat. (2019). A challenge to whether the State has submitted "sufficient proof of higher costs incurred" must be preserved at the sentencing hearing. *State v. Cremers*, 319 So. 3d 46, 47 (Fla. 4th DCA 2021) ("[A]n objection to the sufficiency of the proof must be made contemporaneously with the assessment of costs. Because the proper documentation of the costs of prosecution is an evidentiary error in the sentencing process, it cannot be preserved through a rule 3.800(b)(2) motion."). That is not the situation in this case, as there was *no* request for a higher amount. Accordingly, reversal of a cost of prosecution above the statutory minimum is warranted where, as here, the State never provided notice of intent to seek a higher amount, and no separate hearing was convened to provide the State with an opportunity to submit sufficient proof of higher costs. *See Brown v. State*, 189 So. 3d 837, 840 (Fla. 4th DCA 2015).

The State has conveyed that it has no objection to costs of prosecution exceeding $100 being stricken, but it requests an opportunity to request and present proof of the higher costs. In *Richards*, the Florida Supreme Court declared "[g]enerally, a party does not get the proverbial 'second bite at the apple' when it fails to satisfy a legal obligation the first time around," and further noted that section 938.27(1) creates a legal obligation on the State to request investigative costs prior to the judgment being entered. 288 So. 3d at 576-77. The court found that "the State had the opportunity to request these costs during the trial court proceedings but chose not to" and, accordingly, "the State's opportunity to request investigative costs had passed." *Id.*

The State's request for a "second bite at the apple" in the instant case is seemingly at odds with the holding in *Richards*. The State argues that the different treatment is premised on the difference between section 938.27(1) ("[C]onvicted persons are liable for payment of the costs of prosecution, including investigative costs incurred by law enforcement agencies . . . if requested by such agencies.") and section 938.27(8) ("The court may set a higher amount [of costs for the state attorney] upon a showing of sufficient proof of higher costs incurred."). We disagree. Both provisions require State action (request investigative costs under (1) and show sufficient proof of higher prosecution costs under (8)) *before* the sentence with these costs are imposed.

However, as set forth in the State's motion for rehearing, this court has consistently, both pre- and post-*Richards*, chosen to remand unsupported costs assessments and provide the State with another opportunity to show "sufficient proof of higher [prosecution] costs incurred." *See, e.g., Scofield v. State*, 317 So. 3d 130, 131 (Fla. 4th DCA 2021); *Guadagno v. State*, 291 So. 3d 962, 963 (Fla. 4th DCA 2020); *Bevans v. State*, 291 So. 3d 591, 594 (Fla. 4th DCA 2020); *Desrosiers*, 286 So. 3d at 300. Consistent with this precedent, "[w]e therefore reverse the prosecution costs and remand for the trial court to impose $100 in accordance with statute, *or to impose additional costs if sufficient findings are made*." *Guadagno*, 291 So. 3d at 963 (emphasis added).

(3) <u>Court costs of $418.</u> The trial court also assessed $418 in "court costs." No explanation was provided as to the statutory basis or nature of these "court costs." All costs, whether mandatory or discretionary, must be authorized by statute. *Reyes v. State*, 655 So. 2d 111, 114 (Fla. 2d DCA 1995). "Statutorily mandated costs may be imposed without notice to the defendant." However, the trial court is required to give the defendant notice of the imposition of discretionary costs and to make an oral pronouncement of such costs and their statutory basis." *Finkelstein v. State*, 944 So. 2d 1226, 1227 (Fla. 4th DCA 2006) (internal citation omitted) (citing *Roberts v. State,* 813 So. 2d 1016, 1017 (Fla. 1st DCA 2002)). "If this does not occur, and discretionary costs are made a condition of probation, they are to be stricken, and cannot be re-imposed." *Id.*; *see also Justice v. State*, 674 So. 2d 123, 126 (Fla. 1996).

Pursuant to section 938.05(1)(a), Florida Statutes (2019), the trial court is required to assess court costs of $225 for a felony conviction. Thus, both parties agree that the court was statutorily required to impose at least $225 in court costs. However, as the trial court did not cite to any other mandatory costs, and the State has not identified costs which would total $418, we must reverse the imposition of $193 of these costs. On remand, if the court can identify the statutory authority for the mandatory imposition of this amount of court costs, then the court can reimpose them. *Finkelstein*, 944 So. 2d at 1227.[2]

---

[2] The State argues that *Desrosiers* held that, on remand, "a trial court could reimpose discretionary fees above the mandatory amounts assessed for prosecution costs and court costs . . . ." In our pre-*Richards* opinion in *Desrosiers*, under the heading "Court Costs," we discussed both section 938.27(8) prosecution costs and section 938.05(1) court costs and stated "[o]n remand, courts may reimpose discretionary costs if they are supported by the requisite factual findings. 286 So. 3d at 300. There are no discretionary costs provided by section 938.05(1), and the two cases cited for support of the "may reimpose

(4) <u>Drug Trust Fund assessment of $125</u>.  Pursuant to section 938.21, Florida Statutes (2019), the trial court may assess a cost against a convicted defendant for an alcohol or drug program as provided in section 893.165, Florida Statutes.  That statute authorizes the establishment of county drug programs and trust funds to hold funds for the program.  § 893.165(1), Fla. Stat. (2019).  "In drug cases, the trial court may assess fees for the county drug abuse trust fund.  *Desrosiers*, 286 So. 3d at 300 (citing § 938.23, Fla. Stat.).  "The court is authorized to order a defendant to pay an additional assessment if it finds that the defendant has the ability to pay the fine and the additional assessment and will not be prevented thereby from being rehabilitated or from making restitution."  § 938.21, Fla. Stat. (2019).  In the instant case, the court simply ordered "$125 Drug Trust Fund assessment."  While the court did not cite the statute, it sufficiently identified the discretionary cost and orally pronounced it.  However, the trial court made no finding with respect to the defendant's ability to pay the assessment.

Once again, the State concedes error and notes that it has no objection to the $125 Drug Trust Fund assessment being stricken but requests an opportunity on remand to establish this "additional assessment."  In accord with *Ingalls*, we are compelled to "reverse and remand for the trial court to consider the factors recited in section 938.21 . . . ."  *Ingalls*, 304 So. 3d at 22; *see also Desrosiers*, 286 So. 3d at 300 (finding the trial court erroneously failed to consider the defendant's ability to pay the assessed county drug abuse trust fund fees and provided "[t]hese costs may be reimposed on remand if the trial court finds that the defendant has the ability to pay").  Nonetheless, we again note the incongruity between this ruling and the principle set forth in *Richards*, as the drug trust fund statute, like the investigatory costs statute, imposes a legal obligation on the court to determine the defendant's ability to pay a fee for this fund *before* it assesses the fee, and a remand provides the State with a 'second bite at the apple' with respect to eliciting this information.

## C. *Certification of Questions of Great Public Importance*

As detailed above, the Florida Supreme Court in *Richards* stated that "[g]enerally, a party does not get the proverbial 'second bite at the apple'

---

discretionary costs" were addressing discretionary assessments for prosecution costs and/or public defender fees under sections 938.27(8) and 938.29(1), respectively.  *See Hogle v. State*, 250 So. 3d 178, 181 (Fla. 1st DCA 2018); *Brown v. State*, 658 So. 2d 1058, 1059 (Fla. 2d DCA 1995).  Thus, *Desrosiers* does not support a consideration of discretionary section 938.05(1) court costs on remand.

when it fails to satisfy a legal obligation the first time around."  288 So. 3d at 576.  Nonetheless, both pre- and post-*Richards*, we have provided that 'second bite' by remanding discretionary fees' matters for further action by the State and/or the court.  Our sister District Courts of Appeal have done so as well.  *See, e.g., Dibelka v. State*, No. 2D19-4085, 2021 WL 4483696, at *3 (Fla. 2d DCA Oct. 1, 2021) ("If the State complies with the procedural requirements of the statute on remand, then the court may reimpose the additional amount."); *Ramirez v. State*, 46 Fla. L. Weekly D1639, 2021 WL 2978895, at *1 (Fla. 1st DCA July 15, 2021); *Bielec v. State*, 297 So. 3d 699, 699 (Fla. 1st DCA 2020); *Reese v. State*, 276 So. 3d 483 (Fla. 5th DCA 2019); *Hogle v. State*, 250 So. 3d 178, 181 (Fla. 1st DCA 2018); *Collins v. State*, 145 So. 3d 930, 931 (Fla. 2d DCA 2014); *Simmons v. State*, 24 So. 3d 636, 638 (Fla. 2d DCA 2009); *Blanco-Diaz v. State*, 618 So. 2d 370, 371 (Fla. 3d DCA 1993).

The 'second bite' problem can be addressed in two different fashions.  First, trial courts can cease imposing discretionary fees and costs on defendants that are not requested or the predicate(s) for which are not established by the State.  Here, the trial court unilaterally and without explanation imposed several fees and costs.  When Appellant objected in his rule 3.800(b)(2) motion, he received no response from either the State or the trial court.  That left this matter for appellate review and a remand that will require additional expenditure of time and resources of both parties and the trial court.

The alternative is for our supreme court to address whether the holding in *Richards* can be applied to costs and fees beyond section 938.27(1)'s investigatory fees.  This is a matter which affects criminal prosecutions across the state and the efficiency of the criminal justice system.  Thus, under the authority of Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), we certify the following questions to be of great public importance:

> (1) Is the State entitled to a second opportunity to establish discretionary prosecution and public defender fees and costs established by sections 938.27(1) and (8), Florida Statutes, and section 938.29(1)(a), Florida Statutes, that were imposed by the trial court upon a defendant without having been requested or properly supported at sentencing?

> (2) Is the State entitled to a second opportunity to establish discretionary Drug Trust Fund fees and costs established by section 938.21, Florida Statutes, that were imposed by the trial court upon a defendant without having been requested or properly supported at sentencing?

## Conclusion

We affirm the trial court's judgment and sentence, except for the sentencing errors discussed above. Therefore, we reverse with directions to strike: (1) the $50 investigative costs; (2) the costs of prosecution above $100; (3) discretionary court costs more than $225; and (4) the $125 assessment for the county drug abuse program, and for further proceedings as discussed above. We also certify questions of great public importance to the Florida Supreme Court.

*Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. Questions of great public importance certified for consideration by the Florida Supreme Court.*

WARNER and DAMOORGIAN, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***

9