FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2022-2360
_____

TIMOTHY LEE FARRIS,

  Appellant,

  v.

STATE OF FLORIDA,

  Appellee.

_____

On appeal from the Circuit Court for Walton County.
Kelvin C. Wells, Judge.

July 10, 2024

PER CURIAM.

Appellant, Timothy Lee Farris, appeals his convictions and sentences and raises two issues on appeal, only one of which has merit. Appellant correctly argues that the trial court erred in denying his motion to correct sentencing error filed pursuant to Florida Rule of Criminal Procedure 3.800 as to certain costs, fines, and surcharges.

As the State concedes, the $2 cost imposed under section 318.18(11)(d), Florida Statutes, must be stricken because Appellant was not convicted for a traffic infraction. The State also concedes that the $342.86 fine and $17.14 surcharge must be stricken because the trial court did not orally pronounce them. *See Hogle v. State*, 250 So. 3d 178, 181 (Fla. 1st DCA 2018) (striking

the $342.86 fine imposed pursuant to section 775.083, Florida Statutes, and the related $17.14 surcharge imposed pursuant to section 938.04, Florida Statutes, because the court imposed them as part of a lump sum and did not specifically pronounce them during the sentencing hearing). On remand, the trial court may reimpose the fine and surcharge after following the proper procedure. *See Rohn v. State*, 288 So. 3d 783, 784 (Fla. 1st DCA 2020).

We also strike the $100 misdemeanor cost imposed by the trial court under section 938.05, Florida Statutes, because the trial court also imposed a $225 felony cost under that provision. *See Ayos v. State*, 275 So. 3d 178, 182 (Fla. 4th DCA 2019) ("[S]ection 938.05 allows imposition of court costs per case, not per count."); *Anguille v. State*, 238 So. 3d 856, 856 (Fla. 4th DCA 2018) (holding that the trial court erred in imposing court costs for misdemeanor cannabis possession under section 938.05(1)(b) "after imposing costs under the same statutory provision for a companion felony charge in the case").

However, Appellant's challenge to the $100 cost of prosecution was, as Appellant acknowledges on appeal, properly rejected by the trial court given our decision in *Parks v. State*, 371 So. 3d 392, 393 (Fla. 1st DCA 2023), *rev. granted*, No. SC2023-1355, 2024 WL 370043 (Fla. Jan. 31, 2024).

AFFIRMED in part, REVERSED in part, and REMANDED.

LEWIS, ROBERTS, and RAY, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Jessica J. Yeary, Public Defender, and Kathryn Lane, Assistant Public Defender, Tallahassee, for Appellant.

2

Ashley Moody, Attorney General, and Daren Shippy, Assistant Attorney General, Tallahassee, for Appellee.