DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARC SHALAMOFF,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D2024-1117 and 4D2024-1232

[February 11, 2026]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; N. Hunter Davis, Judge; L.T. Case Nos. 21-005885-CF-10A and 21-007690-CF-10A.

Daniel Eisinger, Public Defender, and Timothy Wang, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Joseph Mollica, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

The defendant appeals his probation revocation and resultant sentences in two cases, raising two arguments: (1) the state failed to provide competent, substantial evidence the defendant committed new law violations; and (2) the trial court erred in denying the defendant's motion to correct sentencing errors. On the defendant's first argument, we affirm the revocation of probation and resultant sentences without discussion. On the defendant's second argument, we reverse as to sentencing errors conceded by the state.

During the appeal, the defendant filed a motion to correct sentences pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), raising three issues: (1) the trial court failed to enter an order identifying the probation conditions that the defendant violated and the manner in which the violation occurred; (2) the scoresheet erroneously listed two crimes as additional offenses; and (3) the scoresheet and disposition orders erroneously reflect that the defendant admitted the allegations or entered a plea when he actually proceeded to a violation of probation hearing. The

trial court failed to enter an order ruling on the motion within sixty days after it was filed, thus the motion is deemed denied. Fla. R. Crim. P. 3.800(b)(2)(B).

The state agrees the trial court should have granted the defendant's motion to correct sentencing errors and that we should remand for the trial court to: (1) enter a written order specifying the probation conditions that the defendant violated; (2) ministerially correct the scoresheet error related to the additional offenses; and (3) ministerially correct the scrivener's errors in the scoresheets and disposition orders.

The defendant and the state are correct that the trial court erred in denying the motion to correct sentencing errors in three ways. First, the trial court failed to enter a written order specifying which probation conditions the defendant had violated. *See King v. State*, 46 So. 3d 1171, 1172 (Fla. 4th DCA 2010) ("If a trial court revokes a defendant's probation, the court is required to render a written order noting the specific conditions of probation that were violated.").

Second, the defendant's scoresheet improperly scored misdemeanor offenses as "additional offenses," which were not pending before the trial court at the time of the violation of probation sentencing. *See Sanders v. State*, 35 So. 3d 864, 869 (Fla. 2010) ("[A]n offense qualifies as an 'additional offense' for purposes of the scoresheet if it 'is pending before the court for sentencing at the time' of the sentencing proceeding then being conducted." (quoting § 921.0021, Fla. Stat. (1999))); *see also Somps v. State*, 183 So. 3d 1090, 1092 (Fla. 4th DCA 2015) ("An offense should not be scored as an additional offense following the revocation of a defendant's probation if the defendant completed his sentence as to that offense before the [violation of probation] occurred.").

In the present case, the defendant entered a no contest plea to the two misdemeanor counts of possession of drug paraphernalia that were scored as "additional offenses" on his scoresheet. Adjudication was withheld on those misdemeanors and the defendant was not placed on probation. Accordingly, the misdemeanor sentences were not pending when the violation of probation sentencing occurred and, therefore, could not be scored as additional offenses. *See Sanders*, 35 So. 3d at 869; *Somps*, 183 So. 3d at 1092.

Third, the scoresheet contains a scrivener's error in noting the defendant had entered a plea on the violation of probation when he instead had proceeded to a final hearing. That error should be corrected on remand. *See Moret v. State*, 332 So. 3d 1133, 1134 (Fla. 2d DCA 2022)

(remanding for correction of a scrivener's error on scoresheet); *Broyes v. State*, 382 So. 3d 734 (Fla. 4th DCA 2024) (remanding for correction of scrivener's error in judgment). Although not mentioned by the parties, the scoresheet also incorrectly lists the sentencing judge as Judge Coleman instead of Judge Davis. The error identifying the sentencing judge should likewise be corrected on remand.

Finally, the disposition orders also contain scrivener's errors which incorrectly reflect that the defendant admitted he had violated probation, when in fact he had contested the violations and proceeded to a hearing. The disposition orders should likewise be corrected on remand to reflect a hearing. *See Broyes*, 382 So. 3d at 734.

Thus, we affirm the revocation of probation and the resulting sentences except for the correction of the disposition orders and scoresheet as directed above. *See Maestas v. State*, 212 So. 3d 391, 392 (Fla. 4th DCA 2017) (revocation affirmed but remanded for entry of written revocation order specifying each condition of probation violated). The defendant need not be present for issuance of a written order specifying the probation conditions he violated or the ministerial corrections to his scoresheet and disposition orders. *See Williams v. State*, 377 So. 3d 1179, 1180 (Fla. 4th DCA 2024); *Broyes*, 382 So. 3d at 734.

*Affirmed in part, reversed in part, and remanded for ministerial corrections.*

KUNTZ, C.J., and SHAW, J., concur.

* * *

**Not final until disposition of timely-filed motion for rehearing.**

3