PER CURIAM.
We affirm appellant’s sentence in part, reverse in part and remand.
Appellant was charged with arson and grand theft. He pled guilty to the arson and the grand theft was nolle prossed. Nonetheless, the guidelines scoresheet listed the grand theft as an “additional offense.” Appellant was adjudicated guilty of arson and sentenced to 30 months state prison, followed by 12 years probation. Appellant was ordered to pay $11,695 in restitution to State Farm, $255 in court costs, and $200 in public defender fees. As special conditions of probation, appellant was required to have a mental health and substance abuse evaluation and not to consume any alcoholic beverages. A further condition of appellant’s probation was placement in a probation restitution center “until a suitable level of repayment has been made.”
Appellant first contends, and the state concedes, that the trial court erred in committing appellant to the probation restitution center for an indefinite period of time. Placement in a probation restitution center may not exceed 364 days. § 948.03(7)(c), Fla.Stat. (1993); Holmes v. State, 645 So.2d 600 (Fla. 4th DCA 1994).
Appellant next contends, and the state again concedes, that the trial court erred in scoring the nolle prossed grand theft as an “additional offense.” Appellant received 1.2 points for the grand theft. As appellant points out, these points affect the maximum and minimum sentences that appellant could receive. With the incorrect scoresheet used by the court, appellant’s maximum and minimum were 40.6 and 24.3 months, respectively. With the correct scoresheet, appellant’s maximum and minimum are 39.1 and 23.4 months, respectively.
Appellant does not seek to reverse the 30 month DOC incarceration that was imposed, which is within the corrected range. Rather, appellant seeks resentencing to limit his placement in the restitution center to 9.1 months, which is what remains when the 30 month DOC sentence is subtracted from the *1147 corrected maximum of 39.1 months. See Peterson v. State, 645 So.2d 1028, 1029 (Fla. 4th DCA 1994) (“Mandatory residency at a probation and restitution center, even as a condition of probation, is ‘incarceration’ -within the meaning of the sentencing guidelines.”). On remand, appellant’s placement in the probation restitution center may not exceed 9.1 months.
Appellant next challenges the special probation condition prohibiting him from consuming any alcoholic beverages. The state does not dispute that this condition is invalid, but maintains that this issue was waived by appellant’s failure to object to imposition of the condition.
Due to appellant’s failure to object to the imposition of this condition, this court need not review this issue or reverse this otherwise invalid condition. However, since this cause otherwise requires remand, the trial court is requested to reconsider this special condition.
Appellant further complains that “the condition that appellant is prohibited from visiting places where intoxicants are dispensed or used is outrageous.” This condition was not imposed orally, but was included as a general condition on the judgment. Contrary to what appellant asserts, the condition prohibits appellant from visiting places “where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used.” Since this is a general condition of probation, rather than a special condition of probation, see State v. Hart, 668 So.2d 589 (Fla.1996), the requirements of Biller v. State, 618 So.2d 734 (Fla.1993), and Rodriguez v. State, 378 So.2d 7 (Fla. 2d DCA 1979), are not applicable. See Biller, 618 So.2d at 735 n. 1. Nonetheless, this general condition clearly would not be invalid under the Biller/Rodriguez criteria if they were applicable. In sum, this condition is not “outrageous” and appellant has not demonstrated any error regarding this condition. Nonetheless, we suggest that upon remand the trial court amend this condition to reflect that appellant may not “knowingly visit” such prohibited places. This is consistent with the recently adopted language of section 948.03(10)(m), Florida Statutes (1995).
Finally, there was no error in the imposition of fees and costs.
GLICKSTEIN, WARNER and KLEIN, JJ., concur.