PER CURIAM.
Jermaine Roberts challenges his judgment of conviction and sentence for sale or delivery of cocaine. We affirm the convictions, but find that certain costs were erroneously imposed and therefore reverse in part.
With regard to his conviction, appellant argues that the trial court erred in granting the prosecution’s request, made during trial, to give a “principals” instruction to the jury. There was sufficient evidence adduced in the state’s case-in-chief to support such an instruction; accordingly, the trial court did not err in granting the request for such an instruction, despite the fact that Roberts was not specifically charged with aiding and abetting the sale or delivery of cocaine. See Jacobs v. State, 184 So.2d 711 (Fla. 1st DCA 1966), and State v. Roby, 246 So.2d 566 (Fla.1971).
When sentenced, the trial court imposed a public defender’s hen in the amount of $500; however, Roberts was not given notice or an opportunity to be heard on the issue. This was error. See S.I. v. State, 784 So.2d 1208 (Fla. 2d DCA 2001). The trial court further erred in ordering, in the written sentence, payment of $123 in discretionary costs when appellant was not given notice and when the trial court failed to make an oral pronouncement as to such a cost. See Bryant v. State, 661 So.2d 1315 (Fla. 1st DCA 1995).
These costs are therefore stricken. Because these costs were ordered as conditions of probation, they may not be reimposed. See Carter v. State, 787 So.2d 193 (Fla. 1st DCA 2001); see also Justice v. State, 674 So.2d 123, 126 (Fla.1996). In ah other respects, the sentence, like the judgment of conviction, is AFFIRMED, and the cause is REMANDED for entry of a corrected sentence.
ERVIN, VAN NORTWICK and BROWNING, JJ„ concur.