POLEN, J.
Appellant, Harvey Finkelstein, appeals a final judgment and conviction for ten counts of grand theft, and a sentence of ten years probation. As part of his sentence and a condition of his probation, Finkelstein was also ordered to pay $25,000 in restitution along with $1,125 in public defender’s fees and court costs. Finkelstein raises five issues in this appeal, but we address only the trial court’s imposition of public defender’s fees and court costs, affirming the remaining issues without discussion. Finkelstein argues that the trial court erred in imposing these costs without first determining his ability to pay. We agree, reverse the imposition of these costs and remand for an evidentia-ry hearing.
Section 938.29(5), Florida Statutes (1997), which controls the award of public defender’s fees, requires the trial court to give the defendant the opportunity to be heard and object to the imposition of public defender fees. In this case, the trial court did not give Finkelstein this opportunity, as the trial court merely entered a written order requiring payment of $700. We reverse and remand with instructions to the trial court to give Finkelstein notice of his right to a hearing on the matter and to schedule a hearing if one is requested. See Fla. R.Crim. P. 3.720(d)(1); see also Ciccia v. State, 854 So.2d 243 (Fla. 4th DCA 2003).
The trial court also imposed $425 in other costs and fees in a written order, including a $200 “trust fund fee.” The $200 trust fund fee referenced section 27.3455, Florida Statutes (2001). “[C]osts cannot be assessed in a criminal case unless there is statutory authority for their imposition.” Bradshaw v. State, 638 So.2d 1024, 1025 (Fla. 1st DCA 1994). Statutorily mandated costs may be imposed without notice to the defendant. Id. However, the trial court is required to give the defendant notice of the imposition of discretionary costs and to make an oral pronouncement of such costs and their statutory basis. Roberts v. State, 813 So.2d 1016, 1017 (Fla. 1st DCA 2002). If this does not occur, and discretionary costs are made a condition of probation, they are to be stricken, and cannot be re-imposed. Id.
We reverse the imposition of the additional fees, and remand for an evidentiary hearing to determine which costs are discretionary, as opposed to mandatory, and to determine whether there is a statutory basis for the imposition of such costs. While the trial court referenced section 27.3455, Florida Statutes (2001), in the written order, this statute has been repealed, and is no longer valid. Any costs which are determined to be discretionary can no longer be imposed. See Roberts, 813 So.2d at 1017.
KLEIN and MAY, JJ., concur.