SLEET, Judge.
D.B., a juvenile, challenges his adjudications of delinquency for carrying a concealed firearm, possession of a firearm by a minor, possession of a firearm with an altered serial number, and four counts of robbery with a firearm.[1] D.B. raises three arguments on appeal, but we find merit only in D.B.’s contention that the trial court erred in failing to amend D.B.’s disposition orders to specify the maximum penalties for the offenses and the amount of time served in secure detention prior to disposition. Thus, we affirm D.B.’s adjudications of delinquency, but we reverse for correction of his disposition orders.
D.B. was arrested for his participation in a series of robberies committed on taxi and pizza-delivery drivers. Following the adjudications of delinquency, the trial court committed D.B. to a high-risk residential facility until his nineteenth birthday on the felony charges of carrying a concealed firearm and robbery. As to the remaining misdemeanor charges, the trial court committed D.B. to the facility not to exceed one year. Thereafter, D.B. filed a motion under Florida Rule of Juvenile Procedure 8.135(b)(2) to correct his disposition order in case number 10-CJ-1750, contending that the trial court erroneously grouped the misdemeanor charges of possession of a firearm by a minor and possession of a firearm with an altered serial number with the third-degree felony of carrying a concealed firearm. D.B. also argued that the order should be amended to reflect the *1122 statutory maximum for the offenses, to specify the amount of time served in secure detention prior to disposition, and to state that D.B. was committed until his nineteenth birthday or the statutory maximum, whichever occurs first.
After holding a hearing on the motion, the trial court granted D.B.’s motion and amended all five disposition orders to reflect a commitment of five years on the felony charges and 365 days on the misdemeanor charges with five years of po-stcommitment probation on the felony charges and one year on the misdemeanor charges. D.B. then filed a second motion to correct his disposition orders, arguing that the amended orders had to be corrected to state that he was to be committed until his nineteenth birthday or the statutory maximum, whichever occurred first, and to specify the amount of time spent in secure detention and the maximum penalty for the offenses. D.B. also contended that the trial court erred in amending the orders to reflect a period of postcommitment probation. The trial court did not rule on the second motion.
We find that several of D.B.’s contentions are without merit. However, as the State concedes, the trial court erred in failing to correct D.B.’s disposition orders to specify the amount of time spent in secure detention prior to disposition and the maximum penalty for the offenses as required by Florida Rule of Juvenile Procedure 8.115(d)(2). See Fla. R. Juv. P. 8.115(d)(2) (prescribing that an order of disposition “state the disposition of each count, specifying the charge title, degree of offense, and maximum penalty defined by statute and specifying the amount of time served in secure detention before disposition”); see also G.V. v. State, 863 So.2d 1271 (Fla. 2d DCA 2004). Accordingly, we affirm D.B.’s adjudications of delinquency, but we reverse the amended disposition orders and remand for correction of the orders in accordance with this opinion.
Affirmed in part; reversed in part; and remanded with directions.
ALTENBERND and KELLY, JJ., Concur.

. These seven charges were brought in five separate petitions for delinquency, lower court case numbers 10-CJ-1749, 10-CJ-1750, 10-CJ-1755, 10-CJ-1806, and 10-CJ-1817, but the charges were resolved in a single adjudicatory hearing.