DAMOORGIAN, C.J.
A.M.R., a juvenile, challenges his adjudications of delinquency for three counts of violation of probation in three separate cases (case numbers 10-445, 11-174, and 11-388) and for new law violations in case numbers 11-470 (one count of assault) and 11-483 (one count of battery on an educational employee, one count of disorderly conduct, and one count of disruption of an educational institute). A.M.R. raises several arguments on appeal but we find merit only in A.M.R.’s contention that the trial court erred in failing to amend the disposition orders to specify the maximum penalties for the offenses, to reflect the amount of time served in secure detention prior to disposition, and to reflect the correct statute for his violation of probation charges. Thus, we affirm A.M.R.’s adjudications of delinquency, but we reverse and remand for the correction of his disposition orders.
On January 12, 2012, the trial court adjudicated A.M.R. delinquent and entered a separate disposition order for each charge in each case, committing him to a level eight, high-risk residential program. The disposition orders entered in case numbers 10-445, 11-174, and 11-388 referenced the adult violation of probation statute, section 948.06, Florida Statutes (2011), instead of the juvenile violation of probation statute, section 985.439, Florida Statutes (2011). The orders granted A.M.R. credit for time served in a secure detention facility prior to adjudication, but did not specify the amount of days credit A.M.R. was entitled to. Additionally, the orders committed A.M.R. for an indeterminate period “but no longer than the child’s 21st birthday or the maximum term of imprisonment an adult may serve for each count listed above.” A.M.R. then filed a Motion to Correct Disposition Errors, which the trial court denied. We hold that this was error as the orders contain several defects.
Disposition orders are governed by Florida Rule of Juvenile Procedure 8.115. Subsection (d)(2) provides that a disposition order shall “state the disposition of each count, specifying the charge title, degree of offense, and maximum penalty defined by statute and specifying the amount of time served in secure detention before disposition.” Fla. R. Juv. P. 8.115(d)(2).
This Court has previously held that under Rule 8.115, it is not enough for a disposition order to merely reference the maximum statutory sentence for an offense without specifying what the maximum sentence actually is. J.B. v. State, 829 So.2d 376, 378 (Fla. 4th DCA 2002) (holding that language in a disposition order stating that a juvenile’s placement was “ ‘for an indeterminate period, but no longer than the maximum sentence allowable by law or the twenty first (21st) birthday’ ” did not sufficiently state the maximum penalty for the charged offense). Thus, as each disposition order in the instant case only referenced the statutory maximum for the charged offense without specifying what the maximum actually was, the orders do not comply with Rule 8.115(d)(2) and must be corrected.
Additionally, Rule 8.115(d)(2) requires that the court specify “the amount of time served in secure detention before disposition.” As A.M.R.’s disposition orders did not specify the number of dáys A.M.R. served in secure detention before disposition, they must be corrected to do so on *504 remand. D.B. v. State, 114 So.3d 1121, 1122 (Fla. 2d DCA 2013) (holding that Florida Rule of Juvenile Procedure 8.115(d)(2) requires that a disposition orders specify the amount of time spent in secure detention prior to disposition).
Lastly, as urged by A.M.R., the orders in case numbers 10-445, 11-174, and 11-388 must be corrected to reflect that A.M.R. was charged under the juvenile violation of probation statute instead of the adult statute.

Affirmed in Part, Reversed in Part and Remanded to Correct Disposition Orders.

GERBER and LEVINE, JJ., concur.