Per Curiam.
We affirm the circuit court’s sentence, but with two exceptions. The court erred by ordering the defendant to pay, as a condition of probation, crime lab costs of $166.80 and a public defender fee of $400.00, because the court did not follow the procedural steps for imposing such costs and fee. We address each in turn.
On the costs issue, as we stated in Finkelstein v. State, 944 So.2d 1226 (Fla. 4th DCA 2006).
Costs cannot be assessed in a criminal case unless there is statutory authority for their imposition. Statutorily mandated costs may be imposed without notice to the defendant. However, the trial court is required to give the defendant notice of the imposition of discretionary costs and to make an oral pronouncement of such costs and their statutory basis. If this does not occur, and discretionary costs are made a condition of probation, they are to be stricken, and cannot be re-imposed.
Id. at 1227 (internal citations, brackets, and quotation marks omitted). Here, the imposed crime lab costs exceeded the statutorily authorized amount of $100. See § 938.055, Fla. Stat. (2014). As such, the excess costs were discretionary and the court was required to make an oral pronouncement of such costs and the basis for exceeding the statutorily authorized amount. The court orally pronounced the costs, but did not orally pronounce the basis for exceeding the statutorily authorized amount. Accordingly, we strike the imposed crime lab costs and remand for imposition of the statutorily authorized amount of $100.
On the fee issue, the imposed public defender fee exceeded the statutorily authorized amount of $100. See § 938.29(1)(a), Fla. Stat. (2014). As such, the fee was discretionary and the court *701 was required to inform the defendant of his right to contest the amount. See § 938.29(5), Fla. Stat. (2014); Fla. R. Crim. P. 3.720(d)(1) (2014). The court did not inform the defendant of his right to contest the amount. Accordingly, we strike the imposed public defender fee and remand for either imposition of the statutorily authorized fee or an evidentiary hearing with notice to the defendant of his right to contest the amount. Brooks v. State, 199 So.3d 974, 976-77 (Fla. 4th DCA 2016).

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

Warner, Gross and Gerber, JJ., concur.