DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHANE HARDISON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-1532

[May 8, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dennis D. Bailey, Judge; L.T. Case Nos. 11-003397CF10A and 16-000894CF10A.

Carey Haughwout, Public Defender, and Stacey Kime, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

The defendant appeals his revocation of probation, judgment, and sentence rendered in case numbers 11-003397CF10A (the "2011 case") and 16-00894CF10A (the "2016 case"), raising six issues for our consideration. We affirm the defendant's judgment and sentence in both cases and write only to address his arguments that the trial court erred by (1) failing to enter a written order of revocation of probation stating the basis for revocation; and (2) miscalculating his credit for time served.

First, as the state concedes, the trial court erred when it failed to enter a written order in both cases stating the specific grounds for revocation of probation. *See King v. State*, 46 So. 3d 1171, 1172 (Fla. 4th DCA 2010) ("If a trial court revokes a defendant's probation, the court is required to render a written order noting the specific conditions of probation that were violated."). Second, as the state concedes, the trial court miscalculated the defendant's credit for time served in both cases. The parties agree that the defendant is entitled to 526 days of jail credit in the 2016 case, but disagree regarding the amount of jail credit to be awarded in the 2011

case, and the defendant's entitlement to post-sentencing credit. Section 921.161(1), (2), Florida Statutes (2018), "requires the trial court to determine and give credit for all time spent in county jail prior to sentencing and for the Department [of Corrections] to calculate the time after sentencing, including time in the county jail after sentencing." *Kitchen v. State*, 20 So. 3d 975, 976 (Fla. 4th DCA 2009). Relief sought for "jail time spent after sentencing must be sought through administrative proceedings with the Department of Corrections." *Stokes v. State*, 851 So. 2d 788, 788 (Fla. 2d DCA 2003). Thus, as the state argues, the trial court was not required to award the defendant jail credit for time served post-sentencing, so that the defendant is entitled to 1,103 days of jail credit for time served in the 2011 case. To the extent the defendant believes he is entitled to additional credit for the jail time he served after sentencing on the 2011 case, he must seek relief through administrative proceedings with the Department of Corrections. *See id.*

Accordingly, we affirm the revocation of the defendant's probation, and his sentences in both cases, but remand with instructions for the trial court to (1) enter written orders of revocation of probation setting forth the reasons for the revocation; and (2) award the defendant 1,103 days of jail credit on the 2011 case and 526 days of jail credit on the 2016 case, *nunc pro tunc* to April 19, 2018, the day of sentencing.

WARNER, GROSS and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***