DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHN ALLISON HARRIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-3777

[January 6, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Dan L. Vaughn, Judge; L.T. Case No. 312018CF000864A.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Jason Allison Harris appeals his judgment of conviction and sentence for the possession of cocaine and the sale or delivery of cocaine within 1,000 feet of a place of worship. He raises one argument regarding his conviction which we affirm without further comment. Harris also argues that the trial court erred in assessing a cost at sentencing without first orally pronouncing that cost. We agree and reverse and remand on that issue.

At sentencing, Harris was ordered to pay $200.00 to the Florida Department of Law Enforcement's ("FDLE's") Operating Trust Fund. However, the trial court did not orally pronounce that cost at the sentencing hearing. After filing an appeal of his conviction, Harris filed a motion to correct sentencing error regarding the $200.00 FDLE cost. Although the State conceded error, the trial court did not rule on Harris's motion within sixty days. *See* Fla. R. Crim. P. 3.800(b)(2)(B). This appeal followed.

"This court reviews a motion to correct a sentencing error de novo." *Guadagno v. State*, 291 So. 3d 962, 962 (Fla. 4th DCA 2020).

Pursuant to section 938.055, Florida Statutes (2019), a trial court may impose a cost of $100.00 to be paid to the FDLE's Operating Trust Fund when a defendant "pleads guilty or nolo contendere to, or is convicted of, a violation of any provision of chapters 775-896." This cost becomes mandatory "if the services of a local county-operated crime laboratory . . . are used in connection with the investigation" of the defendant's crime. § 938.055, Fla. Stat. (2019) (utilizing the word "shall" when mentioning this cost). As such, the trial court must impose a $100.00 cost pursuant to section 938.055 when the State uses a crime lab in its investigation. *See Taylor v. State*, 214 So. 3d 700, 700 (Fla. 4th DCA 2017). Any costs imposed in addition to that amount are discretionary and should be stricken if not orally pronounced. *See id.* (striking the imposition of an additional, but unannounced, $66.80 imposed along with the mandatory $100.00 FDLE cost).

The State properly concedes error on this point. The $200.00 FDLE cost must be stricken because it was not orally pronounced by the trial court at the sentencing hearing. *See id.* On remand, we order the trial court to revise the sentencing order to impose only the mandatory $100.00 amount because the services of a local crime lab were used to investigate Harris's case. *See id.* Appellant need not be present when the trial court makes this ministerial correction. *See Ayos v. State*, 275 So. 3d 178, 182 (Fla. 4th DCA 2019).

*Affirmed in part, reversed in part and remanded with instructions.*

GERBER, KLINGENSMITH, JJ., and NUTT, JAMES, Associate Judge, concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**