DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**N.J.P.,** a child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-1645 and 4D20-1873

[May 12, 2021]

Consolidated appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert B. Meadows, Judge; L.T. Case No. 562019CJ000025A, 562017CJ000052A, and 562018CJ000553A.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

N.J.P., a juvenile, appeals his adjudication and disposition. He also appeals the trial court's denial of his motion to correct his disposition orders under Florida Rule of Juvenile Procedure 8.135. We affirm N.J.P.'s adjudication and disposition without comment but reverse and remand to correct the disposition orders and imposed costs.

The trial court adjudicated N.J.P. delinquent for carrying a concealed weapon, battery, and violating probation. The trial court entered three separate disposition orders for each of N.J.P.'s cases, but only two are at issue: the disposition order for N.J.P.'s probation violation (2017-CJ-52A) and battery (2018-CJ-553A).

These two disposition orders failed to note the time N.J.P. spent in secure detention before disposition and did not list the statutory maximum for each offense. Additionally, the probation violation order did not specify the conditions of probation that N.J.P. violated. The trial court also imposed $200.00 in prosecution costs in the probation violation case and $100.00 in prosecution costs and $100.00 in public defender fees in the battery case.

1

"The standard of review for a motion to correct a sentencing error is de novo." *Fain v. State*, 308 So. 3d 190, 192 (Fla. 4th DCA 2020) (citation omitted).[1]

Florida Rule of Juvenile Procedure 8.115(d)(2) requires that disposition orders "state the disposition of each count, specifying the charge title, degree of offense, and maximum penalty defined by statute and specifying the amount of time served in secure detention before disposition." "[I]t is not enough for a disposition order to merely reference the maximum statutory sentence for an offense without specifying what the maximum sentence actually is." *A.M.R. v. State*, 134 So. 3d 502, 503 (Fla. 4th DCA 2014).

In addition, "[i]f a trial court revokes a defendant's probation, the court is required to render a written order noting the specific conditions of probation that were violated." *Hardison v. State*, 271 So. 3d 1230, 1231 (Fla. 4th DCA 2019) (quoting *King v. State*, 46 So. 3d 1171, 1172 (Fla. 4th DCA 2010)). This applies to juveniles the same as adult defendants. *See M.A.L. v. State*, 110 So. 3d 493, 498 (Fla. 4th DCA 2013).

Here, the trial court's disposition orders do not comply with rule 8.115(d)(2) because they only included language stating that N.J.P. would be committed for an indeterminate period no longer than his twenty-first birthday or the maximum term of imprisonment. This language does not sufficiently state the maximum penalty for the charged offense. *See A.M.R.*, 134 So. 3d at 503. The orders also do not state the amount of time N.J.P. had served in secure detention before disposition. *See* Fla. R. Juv. P. 8.115(d)(2). On the probation violation disposition order, the trial court failed to make required written findings stating which conditions of probation N.J.P. violated. *See M.A.L.*, 110 So. 3d at 498. The State concedes these errors.

The trial court also imposed heightened prosecution costs and public defender fees without making factual findings to justify those costs. Juveniles are assessed prosecution costs under the same statute as adult defendants. *See* § 985.032(2), Fla. Stat. (2018). The statute mandates that juveniles are assessed minimum prosecution costs of $50.00 per case when the charge is a misdemeanor offense and $100.00 if the charge is a felony offense. *See* § 938.27(8), Fla. Stat. (2018). Juveniles are also assessed costs of legal representation under the same statute as their adult counterparts. *See* § 985.033, Fla. Stat. (2018). When a juvenile is represented by a public defender, they must be assessed with public defender fees of at least $50.00 per case when charged with a misdemeanor offense, and $100.00 per case when charged with a felony offense. *See* § 938.29, Fla. Stat. (2018).

---

[1] Although *Fain* involved a motion to correct a sentencing error under Florida Rule of Criminal Procedure 3.800(b), Florida Rule of Juvenile Procedure 8.135(b)(2) is the juvenile version of that rule. *See D.G. v. State*, 896 So. 2d 920, 921 (Fla. 4th DCA 2005).

"Statutorily mandated costs may be imposed without notice to the defendant. However, the trial court is required to give the defendant notice of the imposition of discretionary costs and to make an oral pronouncement of such costs and their statutory basis." *Finkelstein v. State*, 944 So. 2d 1226, 1227 (Fla. 4th DCA 2006). Additionally, "the trial court is required to make factual findings that such higher fees or costs were actually incurred." *Davis v. State*, 256 So. 3d 902, 902 (Fla. 4th DCA 2018) (addressing public defender fees); *see also Bevans v. State*, 291 So. 3d 591, 594 (4th DCA 2020) (same but addressing prosecution costs).

N.J.P.'s probation violation case is a felony offense, and his battery case is a misdemeanor offense. The minimum amount that the trial court was required to impose for these offenses was $100.00 in prosecution costs in the probation violation case, $50.00 in prosecution costs in the battery case, and $50.00 in public defender fees in the battery case. *See* § 938.27(8), Fla. Stat. (2018); § 938.29, Fla. Stat. (2018). The trial court imposed more than these minimum amounts in the disposition order but did not orally pronounce the heightened costs and fees at the disposition hearing, and it did not make factual findings that the higher costs and fees were justified. This is reversible error and the State properly concedes. *See Finkelstein*, 944 So. 2d at 1227; *Davis*, 256 So. 3d at 902.

We reverse and remand for the trial court to enter amended disposition orders in the probation violation case and battery case that comport with Florida Rule of Juvenile Procedure 8.115(d)(2). The probation violation disposition order must also contain written findings noting which conditions of probation N.J.P. violated. *See Hardison*, 271 So. 3d at 1231. These amended disposition orders shall be entered *nunc pro tunc* to July 21, 2020, as requested by the parties. The trial court must also impose the statutorily mandated prosecution costs and public defender fees or hold a hearing to justify the increase. *See Brinson v. State*, 302 So. 3d 916, 918 (Fla. 4th DCA 2020); *Desrosiers v. State*, 286 So. 3d 297, 300 (Fla. 4th DCA 2019).

*Affirmed in part; reversed in part and remanded with instructions.*

LEVINE, C.J., GROSS, and KLINGENSMITH, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

3