DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL DAVID SANDOVAL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-2193

[February 16, 2022]

Appeal from the County Court for the Nineteenth Judicial Circuit, St. Lucie County; Kathryn Nelson, Judge; L.T. Case No. 562021MM000317A.

Carey Haughwout, Public Defender, and Elijah Giuliano, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Pablo Tapia, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals a written probation order entered following his plea to one count of battery. He argues the trial court erred in entering the order after the record had been transmitted to this court in his direct appeal. He also argues the court erred in imposing special conditions, which were not pronounced at sentencing. We affirm in part and reverse in part.

Following his plea, the trial court sentenced the defendant to sixty days in county jail, followed by ten months of probation. The defendant timely appealed the judgment and sentence. The trial court clerk transmitted the record to this court on August 2, 2021. Twenty-nine days later, on August 31, 2021, the trial court entered the written probation order.

In September, the defendant filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct errors in his sentence. He raised the following issues:

1. The trial court lacked jurisdiction to enter the probation order because the record on appeal had been transferred to this court.

2. The written probation order contained five special conditions that the court did not orally pronounce.

3. The order enhanced the restriction that prohibited him from having any contact with the victim.

4. The court incorrectly assessed a $25 cost of investigation.

The State responded that the challenged conditions were standard and did not need to be orally pronounced. The court had jurisdiction to enter the probation order because doing so was ministerial in nature. And the no-contact order inherently implied no contact with the victim's residence, place of employment, etc.

The trial court agreed the $25 cost of investigation should be stricken but rejected the other arguments and otherwise denied the motion to correct sentence. The defendant now appeals.

The defendant continues to argue the trial court lacked jurisdiction to enter the written probation order because the record had been transferred to this court. The State concedes error on this point. We have explained a trial court is not divested of jurisdiction to issue written orders conforming to oral pronouncements once the notice of appeal is filed if the written order is entered **before the record on appeal is transmitted**. *Escobar v. State*, 189 So. 3d 1029, 1032 (Fla. 4th DCA 2016).

Here, the written probation order was entered after the record on appeal had been transferred. The trial lacked jurisdiction to enter the probation order at that time. We therefore reverse and remand the case for the trial court to reenter the written probation order with the following corrections. *See Witham v. State*, 311 So. 3d 34 (Fla. 4th DCA 2021).

Next, the defendant argues the trial court erred in ordering him to pay $65 for the first month of the probationary period and $55 each month thereafter because these discretionary costs were not pronounced at sentencing. The State agrees and so do we.

Section 948.09(1)(b), Florida Statutes (2020), provides that any person placed on misdemeanor probation by a county court must contribute not less than $40 per month. Statutorily mandated costs may be imposed

without notice to the defendant. *Finkelstein v. State*, 944 So. 2d 1226, 1227 (Fla. 4th DCA 2006). "However, the trial court is required to give the defendant notice of the imposition of discretionary costs and to make an oral pronouncement of such costs and their statutory basis. If this does not occur, and discretionary costs are made a condition of probation, they are to be stricken, and cannot be re-imposed." *Id.* (internal citation omitted). We therefore reverse and remand the case to the trial court to reduce the monthly supervision cost to $40 per month. *See Bartolone v. State*, 327 So. 3d 331 (Fla. 4th DCA 2021).

The defendant next argues the court erred in requiring him not to visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed, or used without requiring the defendant's knowledge. While reading this provision with the standard probation condition would require the defendant's knowledge, we suggest upon remand the trial court amend the condition to reflect the defendant may not "knowingly visit" such prohibited places. *See Nelson v. State*, 669 So. 2d 1145, 1147 (Fla. 4th DCA 1996).

We have reviewed the remaining challenged conditions.[1] We find no error in the court's imposition of the standard conditions or with its explicit clarification of some of them. We therefore affirm on the remaining issues.

*Affirmed in part; reversed in part and remanded.*

GERBER and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] (a) Report to the probation officer as directed.

(b) Permit the probation officer to visit him or her at his or her home or elsewhere.

(c) Work faithfully at suitable employment insofar as may be possible.

(d) Remain within a specified place.

(e) Live without violating any law. A conviction in a court of law is not necessary for such a violation of law to constitute a violation of probation, community control, or any other form of court-ordered supervision.