DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHERRI LAVICTOIRE MARQUIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-2172

[May 25, 2022]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; August A. Bonavita, Judge; L.T. Case No. 50-2020-MM-004019-AXXX-SB.

Carey Haughwout, Public Defender, and Elijah Giuliano, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, C.J.

Sherri Lavictoire Marquis ("Appellant") appeals her conviction and sentence for misdemeanor battery, raising two issues contending the State made improper closing arguments and three issues concerning improper probation conditions imposed in the written probation order which had not been orally pronounced at sentencing. We affirm without discussion the issues concerning the State's closing arguments. We address the three issues regarding the probation conditions. The first probation condition we address is erroneous and we reverse. We affirm the second contested probation condition and explain our reasons for affirming. The third probation condition addressed is not reversible error, but we suggest a revision to that condition.

*Background*

For the misdemeanor battery, the trial court sentenced Appellant to twelve months of probation with a provision for early termination after six months. After sentencing, the written probation order included conditions

which were not announced during sentencing. Specifically, Condition 1 stated: "You will not change your residence or employment or leave the county of your residence without first procuring the consent of your Probation Supervisor." Condition 5, in part, stated that Appellant "will [not] visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used unlawfully." Condition 8 required that Appellant pay $50 per month toward the cost of her supervision, and Condition 15 required Appellant to enroll in and complete a DUI/Substance Abuse Program.

Appellant filed a timely Florida Rule of Criminal Procedure 3.800(b)(2) motion and argued that these conditions in the written probation order were improperly imposed special conditions which had not been orally pronounced at sentencing. In response, the trial court struck the condition requiring that Appellant attend a DUI or substance abuse program, but denied the motion as to the other three conditions. Subsequently, Appellant gave notice of appeal.

*Appellate Analysis*

Appellant argues that the trial court erred by imposing three special probation conditions in the written probation order which were not orally pronounced at sentencing. Specifically, Appellant asserts that the following conditions are special conditions because they are not authorized by section 948.03, Florida Statutes (2020), or Florida Rule of Criminal Procedure 3.986(e): (1) paying $50 per month towards the cost of her probation; (2) obtaining approval from her probation officer before changing her residence, employment, or leaving the county; and (3) not visiting places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed, or used unlawfully.

In response, the State argues that the trial court did not err in imposing those conditions because all are general probation conditions which do not require an oral pronouncement.

"The standard of review for a motion to correct a sentencing error is *de novo*." *Fain v. State*, 308 So. 3d 190, 192 (Fla. 4th DCA 2020) (quoting *Terry v. State*, 263 So. 3d 799, 802 (Fla. 4th DCA 2019)).

"[G]eneral conditions of probation are those terms of supervision which are authorized by statutes or court rules. A condition of probation authorized by statute or court rule 'may be imposed and included in a written order of probation even if not orally pronounced at sentencing.'"

*Metellus v. State*, 310 So. 3d 90, 92 (Fla. 4th DCA 2021) (quoting *State v. Hart*, 668 So. 2d 589, 592-93 (Fla. 1996)).

On the other hand, "[c]onditions of supervision which are not authorized by statute or court rule are considered 'special conditions' which must be orally announced at sentencing in order to comport with due process." *Id.* "[W]hether a probation condition is a general condition or a special condition is determined by reference to Florida Statutes . . . and Florida Rule of Criminal Procedure 3.986(e); conditions which appear in neither [a] statute nor the rule are considered special and must be orally pronounced." *Cole v. State*, 932 So. 2d 1123, 1124 (Fla. 4th DCA 2006).

Therefore, we must determine whether each probation condition which Appellant challenges qualifies as a general condition or special condition.

*Paying $50 Per Month for Cost of Supervision*

Section 948.09(1)(b), Florida Statutes (2020), provides: "Any person placed on misdemeanor probation by a county court must contribute not less than $40 per month" towards the cost of their supervision. A trial court may impose statutorily mandated costs without notice, "[h]owever, the trial court is required to give the defendant notice of the imposition of discretionary costs and to make an oral pronouncement of such costs and their statutory basis." *Sandoval v. State*, 47 Fla. L. Weekly D441, D442 (Fla. 4th DCA Feb. 16, 2022).

In the present case, Appellant correctly argues the trial court erred by requiring her to pay $50 per month towards her probation because this amount is greater than what is authorized by statute and thus discretionary. We have recently held that a trial court is required to orally pronounce the imposition of a $50, $55, and $65 monthly charge for the cost of supervision. *See id.* (reversing a special condition to pay $65 for the first month of probation and $55 for the remaining months, where no oral pronouncement was made); *Paris v. State*, 47 Fla. L. Weekly D445, D446 (Fla. 4th DCA Feb. 16, 2022) (reversing a special condition to pay $50 month towards the cost of supervision).

Here, like in *Paris*, the trial court's written probation order imposed a $50 monthly charge towards the cost of Appellant's probation. Because this charge is greater than the statutorily mandated $40 per month, it is a special condition which should have been orally pronounced during sentencing. Based on *Sandoval* and *Paris*, we reverse the probation condition ordering Appellant to pay $50 per month for supervision cost and remand for entry of a corrected probation order reducing the

supervision cost to $40 per month. *See Sandoval*, 47 Fla. L. Weekly at D442; *Paris*, 47 Fla. L. Weekly at D446.

*Not Changing Residence or Employment, or Leaving County of Residence, Without Probation Supervisor's Consent*

Appellant next argues the trial court did not orally pronounce that she would need to obtain her probation officer's consent before leaving the county of her residence, changing her residence, or changing her employment. Appellant contends these restrictions constitute special probation conditions which the trial court was required to announce at sentencing. The State counter-argues the restrictions are consistent with the general probation conditions, and that cooperating with the probation officer is a necessary component of probation.

Section 948.03 provides:

(1) The court shall determine the terms and conditions of probation. Conditions specified in this section do not require oral pronouncement at the time of sentencing and may be considered standard conditions of probation. These conditions may include among them the following, that the probationer or offender in community control shall:

(a) *Report to the probation officer as directed.*

(b) *Permit the probation officer to visit him or her at his or her home or elsewhere.*

(c) Work faithfully at suitable employment insofar as may be possible.

(d) *Remain within a specified place.*

§ 948.03(1)(a)-(d), Fla. Stat. (2020) (emphasis added).

Pursuant to section 948.03(1), reporting to the probation officer as directed, permitting the probation officer to visit the probationer at his or her home or elsewhere, and remaining within a specified place are standard probation conditions. *Id.* Significantly, section 948.06, Florida Statutes (2020), which governs probation violations, provides that "[f]ailure to report a change in address or other required information," "[l]eaving the county without permission," and "[f]ailure to report a change in employment" are "low-risk violation[s]." § 948.06(9)(b)3., 8., 9., Fla.

4

Stat. (2020).  Reading section 948.03 *in para materia* with section 948.06, we hold that the condition requiring Appellant to obtain her probation officer's consent before leaving a specified place – her county of residence and the jurisdiction of the court – and before changing her address or place of employment, is consistent with standard conditions of probation.  Under section 948.03(1)(a), Appellant is required to report to her probation officer *as directed*, and it is not uncommon for probation officers to meet probationers at the probationer's residence or place of employment.  Cooperating fully and maintaining contact with the probation officer are necessary components of being under probation and community control supervision.  *See W.J. v. State*, 688 So. 2d 954, 956-57 (Fla. 4th DCA 1997) (holding that condition requiring juvenile to not change place of residence without prior knowledge and consent of the community control counselor was valid despite not being orally pronounced).  Thus, we affirm the probation order as to Condition 1.

*Not Visiting Places Where Intoxicants, Drugs or Other Dangerous Substances Are Unlawfully Sold, Dispensed, or Used*

Finally, Appellant argues that the trial court erred by entering a probation order which required she not "visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used," because it omits the word "knowingly".

Section 948.03(1)(n), Florida Statutes (2020), states that "[t]he probationer or community controllee may not *knowingly* visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed, or used." (emphasis added).  Although we previously have held the omission of 948.03(1)(n)'s knowledge element in a probation order is not necessarily error, we have remanded suggesting that the trial court amend the condition "to reflect that appellant may not 'knowingly visit' such prohibited places."  *See Nelson v. State*, 669 So. 2d 1145, 1147 (Fla. 4th DCA 1996) (omitting the word "knowingly" was not error but remanding to amend the condition); *Sandoval*, 47 Fla. L. Weekly at D442 (suggesting upon remand the trial court amend the condition to reflect the defendant may not "knowingly visit" prohibited places).

Because we are remanding for the probation order to be amended as to another condition, we similarly suggest that the trial court include the knowledge element in the condition that Appellant not visit the places currently described in Condition 5 of the order under review.

*Conclusion*

Accordingly, we affirm Appellant's judgment and probation sentence imposed for misdemeanor battery, but reverse the order placing Appellant on probation insofar as it imposes an unauthorized $50 monthly supervision cost, and direct the trial court to reduce the monthly supervision cost to $40. We also suggest that on remand the trial court modify Condition 5 of the probation order to make clear that Appellant shall not "knowingly visit" the prohibited places described therein.

*Affirmed in part, reversed in part, and remanded with instructions.*

GERBER and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***