DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERDD DOUCHARD,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-286

[February 22, 2023]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Mark T. Eissey, Judge; L.T. Case No. 50-2020-CT-012820-AXXX-SB.

Carey Haughwout, Public Defender, and Elijah Giuliano, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Pablo Tapia, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

After a jury trial, appellant Roberdd Douchard was convicted of driving under the influence, with an enhancement for having a blood alcohol level over .15 as charged. He appeals, contending that multiple improper arguments by the prosecutor warrant a new trial. He also challenges several conditions of his probation as having not been orally pronounced by the court, and he contends the court improperly imposed certain costs.

We affirm his conviction without further discussion, concluding that most of the prosecutor's comments were either not objected-to, the objections were sustained with curative instructions, the comments were not error, or the comments were harmless beyond a reasonable doubt. As to the conditions of probation, we agree that several require reversal as they were not orally pronounced, but we disagree with appellant's contention that the failure to orally pronounce a time to complete certain conditions requires reversal.

The trial court imposed a sentence of one-year probation with special conditions, and permitted early termination if appellant completed the conditions. Appellant objected to several of the conditions and filed a motion to correct sentencing errors pursuant to Florida Rule of Criminal Procedure 3.800(b). The trial court denied the motion.

An appellate court reviews the denial of a motion to correct sentencing error de novo as it involves a pure issue of law. *Metellus v. State*, 310 So. 3d 90, 92 (Fla. 4th DCA 2021) (citing *Brooks v. State*, 199 So. 3d 974, 976 (Fla. 4th DCA 2016)).

"Conditions of supervision which are not authorized by statute or court rule are considered 'special conditions' which must be orally announced at sentencing in order to comport with due process." *Metellus*, 310 So. 3d at 92. "When the written document results in a sentence that is more severe than the sentence announced in court, this Court has considered it a potential violation of the constitutional protection against double jeopardy." *Williams v. State*, 957 So. 2d 600, 603 (Fla. 2007). With these principles in mind, we evaluate the contested conditions of probation.

Condition five of appellant's probation provides:

> You will not use intoxicants and you will not possess or consume any drug or narcotics unless prescribed and consumed as directed by a physician. **You will not possess or consume any illegal drugs and will not visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used**. To determine the presence of alcohol or controlled substance **you are required to submit to testing at your own expense as directed by probation. Must provide proof of prescription to probation by 2/5/22.**
>
> ☑ (If Checked) You will not possess nor consume any type of alcohol; **you will not consume any food or take any medication that contains alcohol**.
>
> ☑ (If Checked) You will submit to random testing as directed by probation **at your own expense**.

(Emphasis supplied).

2

Appellant challenges the first bolded statement as requiring the word "knowingly" to precede "visit," so that the condition should read: "You will not possess or consume any illegal drugs and will not *knowingly* visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used." He relies on *Sandoval v. State*, 337 So. 3d 5 (Fla 4th DCA 2022), which remanded a probation order to include that term. *Id.* at 7; *see also Nelson v. State*, 669 So. 2d 1145, 1147 (Fla. 4th DCA 1996). *Nelson* pointed out that the general condition of probation in section 948.03(1)(m), Florida Statutes (1995), included the word "knowingly." *See* § 948.03(1)(n), Fla. Stat. (2022) (stating "[t]he probationer or community controllee may not *knowingly* visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed, or used") (emphasis supplied).

Based on *Sandoval* and *Nelson*, we agree that the court should amend the statement in condition 5 to include that the probationer must not "knowingly" visit the places enumerated in the statute.

Condition five also required appellant to submit to drug testing at his own expense. While submission to drug testing is a general condition of probation, *see* section 948.03(1)(*l*)1., Florida Statutes (2022), payment by the probationer is not part of that general condition. The court did not orally pronounce the requirement that appellant pay for testing, and in *Metellus*, we held that payment at the probationer's expense was a special condition which must be orally pronounced. *See Metellus*, 310 So. 3d at 93. We considered the requirement to pay for testing to be an increase in punishment. *Id.* at 94. Thus, the condition that appellant pay for drug testing must be stricken from the conditions of probation, which the State concedes.

Condition five next prohibited appellant from consuming narcotics "unless prescribed and consumed as directed by a physician." This is a general condition of probation. *See* § 948.03(1)(n), Fla. Stat. (stating probationer is prohibited "from using intoxicants to excess or possessing any drugs or narcotics unless prescribed by a physician"). The written order then stated that appellant must provide his probation officer proof of a prescription by February 5, 2022. Appellant contends that this time deadline was not orally pronounced and must be stricken as a violation of double jeopardy. We disagree.

In *Lawson v. State*, 969 So. 2d 222 (Fla. 2007), the supreme court considered whether a probationer could be violated for failure to complete a drug treatment program where the probation order failed to specify the number of chances that the defendant would have to complete the program

or to set a time period for compliance. *Id.* at 225. The supreme court held that the absence of specific time parameters in the probation order did not prevent the trial court from finding a violation of probation for failure to successfully complete the program. *Id.* at 237. The court explained:

> Although the conditions [of probation] should be clearly set out and must mean what they say, *every detail need not be spelled out and the language should be interpreted in its common, ordinary usage.* Thus, a probation order that requires the completion of a drug treatment program but fails to specify time parameters should be read in a commonsense manner. Accordingly, a probationer who has been given the privilege of being placed on probation, *in lieu of serving jail time*, is put on adequate notice that the treatment program should be undertaken at the beginning of the probationary period and that, if he or she is discharged for nonattendance, he or she may not have another chance to complete the program.

*Id.* at 235 (internal citation omitted) (first emphasis supplied).

We agree with the State that the addition of a date for appellant to provide any prescriptions to assure his compliance with the condition is merely a detail. If this detail need not be spelled out to subject a probationer to violation, then it should not be a detail which, if included in the order, should be stricken when not orally pronounced. In other words, its inclusion does not amount to the addition or enhancement of the special condition itself.

More importantly, the inclusion of the time deadline for providing proof of a prescription to the probation officer did not violate double jeopardy. "[T]he double jeopardy protection against multiple punishments includes the protection against enhancements or extensions of the conditions of probation." *Lippman v. State*, 633 So. 2d 1061, 1064 (Fla. 1994). The establishment of a date to report to the probation officer is neither an enhancement nor an extension of probation. The date did not create a new condition of probation but merely provided a detail of how appellant should comply with an announced condition.

Similarly, we also conclude that condition ten, which required appellant to complete fifty hours of community service by completing at least ten hours a month, was not a violation of double jeopardy. At sentencing, the trial court stated that appellant was required to "complete fifty hours of community service." In the written probation order, condition ten states:

4

"You will perform 50 hours of community service, enroll within 30 days and complete a minimum of 10 hours per month[.]"

*Garrison v. State*, 685 So. 2d 53 (Fla. 2d DCA 1996), is instructive. In *Garrison,* the judge ordered "that the appellant complete 100 hours of community service." *Id.* at 55. The probation order specified that the appellant complete ten hours per month. The court found this requirement proper, stating "[w]e agree with the state that the monthly requirement does not alter that portion of the sentence imposed." *Id.* We also agree that the *detail* of how a probationer should accomplish an announced condition is not an alteration of a sentence and thus does not violate double jeopardy.

Based upon the foregoing analysis of double jeopardy, we also find no error in the time period requirement for signing up for DUI school, or attending a Victim Impact Panel, although neither timing element was orally pronounced.

The State does concede that the requirement that appellant pay for the Victim Impact Panel was not orally pronounced and thus must be stricken. *See Metellus*, 310 So. 3d at 93.

The written order in condition eight required appellant to pay fifty dollars per month as the costs of probation. As the State concedes, subsection 948.09(1)(b), Florida Statutes (2022), permits the imposition of only a forty-dollar fee, unless the trial court orally pronounces an increased fee. *See Sandoval*, 337 So. 3d at 7. Because the increased fee was not orally pronounced, the cost must be reduced to forty dollars on remand.

Appellant contends that although the written order requires as a condition of probation the payment of a $1050 fine and $476 in costs, the trial court did not orally pronounce these costs as a condition. To the contrary, at sentencing the court stated, "[t]he law require [sic], though, that I impose these conditions. First, the Court is *required* to assess a fine of $1,000 dollars *plus the associated court costs.* I am not assessing a cost of prosecution, just the court costs and the fine, which are required." The record shows that the mandatory costs amounted to $476, and an additional $50 was assessed on the $1000 fine pursuant to the mandatory provision of section 938.04, Florida Statutes (2022).

Section 948.03(1)(j), Florida Statutes (2022), provides as a mandatory condition of probation: "[p]ay any application fee assessed under s. 27.52(1)(b) and attorney's fees and costs assessed under s. 938.29, subject

5

to modification based on change of circumstances."  Appellant contends that this condition allows only the assessment of the minimum $100 attorney's fee under those statutes.  We interpret the statute as requiring the payment of this cost as a condition of probation even if not announced, but in this case the court did announce that all court costs would be assessed "as required."  We interpret this announcement to mean that the court was making the payment of all mandatory court costs a condition of probation.

*Finkelstein v. State*, 944 So. 2d 1226 (Fla. 4th DCA 2006), is instructive and allows for the imposition of the statutorily mandated costs to be a condition of probation.  In *Finkelstein,* the appellant argued that imposition of court costs among other costs as "part of his sentence and a condition of probation" was error where the trial court did not determine first his ability to pay.  *Id.* at 1227.  We held:

> Statutorily mandated costs may be imposed without notice to the defendant.  However, the trial court is required to give the defendant notice of the imposition of discretionary costs and to make an oral pronouncement of such costs and their statutory basis.  If this does not occur, and discretionary costs are made a condition of probation, they are to be stricken, and cannot be re-imposed.

*Id.* (internal citations omitted).

In this case, the trial court specifically announced that the payment of the fine and "required" court costs were special conditions of probation.  The costs imposed were all mandatory, and the court was not required to orally pronounce each one of them.  *See id.*

Appellant also contends that the $2 criminal justice education fee assessed as part of the $135 lump-sum fee of "County & Circuit Criminal Standard Court Costs" is not authorized.  However, the imposition of the cost as a mandatory fee was lawful pursuant to section 938.15, Florida Statutes (2022), and Palm Beach County Resolution 2004-1502.  Section 938.15 provides: "In addition to the costs provided for in s. 938.01, municipalities and counties may assess an additional $2 for expenditures for criminal justice education degree programs and training courses[.]"  In *Waller v. State,* 911 So. 2d 226, 228 (Fla. 2d DCA 2005), the court held that this $2 criminal justice fee is "mandatory."  We have likewise held the "$2 education fee" to be mandatory pursuant to Chapter 938.  *Franklin v. State*, 321 So. 3d 256, 257 (Fla. 4th DCA 2021).  Accordingly, the $2 assessment was not entered in error.

Finally, as the State concedes, there is a scrivener's error in the probation order which states that appellant entered a guilty plea to the DUI charge. Appellant was tried by a jury in this case. Accordingly, we remand the case to the trial court to correct the scrivener's error.

## Conclusion

While we affirm the conviction, we reverse the sentence, as several of the conditions of probation need correction or need to be stricken in accordance with this opinion. *See Justice v. State*, 674 So. 2d 123, 126 (Fla. 1996). We affirm the conditions of probation which placed time requirements on their completion, as they did not violate double jeopardy.

*Affirmed in part and reversed in part.*

CIKLIN and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***