DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL KING,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-1060

[October 29, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Peter Holden, Judge; L.T. Case No. 21-001496CF10A.

Daniel Eisinger, Public Defender, and Ethan Goldberg, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Lindsay A. Warner, Senior Assistant Attorney General, West Palm Beach, for appellee.

SHEPHERD, J.

Michael King appeals his convictions and sentences for unlawful possession of personal identification information (Count 1) and grand theft (Count 2). King raises three issues on appeal. For the reasons discussed below, we affirm in part and reverse in part.

First, King argues the trial court erred when it denied a motion for judgment of acquittal on the lesser included crime of Count 1 (possession of personal identification information) and Count 2 (grand theft). On this issue, we affirm without further discussion.

Second, regarding King's conviction and sentence on Count 1's lesser included offense, for which King was adjudicated guilty and sentenced to prison, he argues that he was found guilty of a first-degree misdemeanor but adjudicated guilty and sentenced as if convicted of a third-degree felony. On this point, the State concedes that King was adjudicated guilty and sentenced under the wrong statute. We agree with that concession.

On Count 1, the jury convicted King of the lesser included offense, unlawful possession of personal identification information, a first-degree misdemeanor, punishable by a maximum penalty of one year incarceration. Specifically, King was convicted of violating sections 817.5685(2) and 817.5685(3)(a), Florida Statutes (2019). Section 817.5685(2) provides: "It is unlawful for a person to intentionally or knowingly possess, without authorization, the personal identification information of another person in any form, including, but not limited to, mail, physical documents, identification cards, or information stored in digital form." § 817.5685(2), Fla. Stat. (2019). Section 817.5685(3)(a) provides: "A person who violates subsection (2) and in doing so possesses the personal identification information of *four or fewer persons commits a misdemeanor of the first degree.*" § 817.5685(3)(a), Fla. Stat. (2019) (emphasis added). The jury found King guilty of possessing the personal information of, at most, two individuals.

The trial court adjudicated King guilty and sentenced him to three years' incarceration followed by two years' probation on Count 1's lesser included offense, resulting in an illegal sentence. This was reversible error.

Third, King argues that the trial court reversibly erred by imposing $50 probation supervision costs without a hearing. As King could have been sentenced to a maximum one year incarceration, one year of probation, or a combination thereof not to exceed one year, the court was required to impose no greater than $40 per month in supervision costs if the sentence included probation, unless an evidentiary hearing was held. *See* § 948.09(1)(b), Fla. Stat. (2019) ("Any person placed on misdemeanor probation by a county court must contribute not less than $40 per month, as decided by the sentencing court, to the court-approved public or private entity providing misdemeanor supervision.").

Although cost of supervision is a general condition of probation, mandated by statute, any amount in excess of the statutory rate must be determined in accordance with a defendant's ability to pay. "Statutorily mandated costs may be imposed without notice to the defendant." *Finkelstein v. State*, 944 So. 2d 1226, 1227 (Fla. 4th DCA 2006) (citing *Bradshaw v. State*, 638 So. 2d 1024, 1025 (Fla. 1st DCA 1994)). "However, the trial court is required to give the defendant notice of the imposition of discretionary costs and to make an oral pronouncement of such costs and their statutory basis. If this does not occur, and discretionary costs are made a condition of probation, such costs are to be stricken and cannot be re-imposed." *Sandoval v. State*, 337 So. 3d 5, 7 (Fla. 4th DCA 2022) (quoting *Finkelstein*, 944 So. 2d at 1227).

2

Based on the sentencing error, we reverse and remand for resentencing on Count 1 and, if the resentencing results in a probation period, supervision costs in excess of $40 per month shall not be imposed. We are not remanding for an evidentiary hearing on discretionary costs. *See Bartolone v. State*, 327 So. 3d 331, 337 (Fla. 4th DCA 2021) (citing *Roberts v. State*, 813 So. 2d 1016 (Fla. 1st DCA 2002) ("If … [notice of the imposition of discretionary costs and … oral pronouncement of such costs and their statutory basis] does not occur, and discretionary costs are made a condition of probation, they are to be stricken, and cannot be re-imposed.").

*Affirmed in part, reversed in part, and remanded.*

CIKLIN and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely-filed motion for rehearing.**

3