# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-1759
LT Case No. 16-2024-CJ-1143-A

_____

J.J.A., a Child,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
William Collins Cooper, Judge.

Matthew J. Metz, Public Defender, and Judson Searcy, Assistant
Public Defender, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, and Darcy Townsend,
Assistant Attorney General, Daytona Beach, for Appellee.

May 1, 2026

KILBANE, J.

    J.J.A., a juvenile, appeals the trial court's denial of his motion
to suppress and a disposition order adjudicating him delinquent.
We affirm the denial of the motion to suppress without comment,
but we reverse the disposition order and remand with instructions
to enter a corrected order in accordance with this opinion.

## Facts

J.J.A. pled nolo contendere to, and the trial court adjudicated him delinquent of, possession of a firearm by a minor, a first-degree misdemeanor. *See* § 790.22(3), (5)(a)1., Fla. Stat. (2025). In the disposition order, the court committed J.J.A. for placement in a moderate-risk residential commitment program "for an indeterminate period, but no longer than the child's 21st birthday or the maximum term of imprisonment an adult may serve for each count listed above, whichever comes first."

During the pendency of this appeal, J.J.A. timely served a motion to correct the disposition order under Florida Rule of Juvenile Procedure 8.135(b)(2), arguing the order failed to specify the maximum penalty[1] or to account for predisposition credit as required under Florida Rule of Juvenile Procedure 8.115(d)(2).[2] Due to the trial court's failure to timely rule on the motion, we treat the motion as denied. *See* Fla. R. Juv. P. 8.135(b)(1)(B), (2)(B) (2025); *J.H. v. State*, 344 So. 3d 616, 619 n.2 (Fla. 1st DCA 2022) ("Under Florida Rule of Juvenile Procedure 8.135(b)(1)(B), should a trial court fail to respond to a motion to correct a disposition order within thirty days of entry, the motion is deemed denied."). The State concedes that the disposition order should reflect the maximum penalty and predisposition credit.

## Analysis

We review a motion to correct a disposition order filed under rule 8.135(b)(2)—the "juvenile version" of Florida Rule of Criminal Procedure 3.800(b)—de novo. *See N.J.P. v. State*, 331 So. 3d 157, 158 & 158 n.1 (Fla. 4th DCA 2021); *see also E.S.B. v. State*, 822 So.

---

1. For adult offenders, a first-degree misdemeanor is punishable by "a definite term of imprisonment not exceeding 1 year." § 775.082(4)(a), Fla. Stat. (2025).

2. J.J.A. preserved this argument by filing the rule 8.135(b)(2) motion. *See E.S.B. v. State*, 822 So. 2d 579, 580 n.1 (Fla. 1st DCA 2002) ("Appellant's utilization of rule 8.135(b)(2) preserved this issue for appellate review.").

2d 579, 580 n.1 (Fla. 1st DCA 2002) ("Florida Rule of Juvenile Procedure 8.135(b)(2) was recently amended to provide the same procedural safeguards as Florida Rule of Criminal Procedure 3.800(b)(2)."); *J.H.*, 344 So. 3d at 621 ("A trial court's ruling, or failure to rule, on a motion to correct a sentencing error presents a purely legal issue which an appellate court reviews de novo.").

Florida law requires a disposition order to "*specify*[] the. . . maximum penalty defined by statute and . . . the amount of time served in secure detention before disposition." Fla. R. Juv. P. 8.115(d)(2) (emphasis added); *see N.J.P.*, 331 So. 3d at 159 ("[I]t is not enough for a disposition order to merely reference the maximum statutory sentence for an offense without specifying what the maximum sentence actually is." (quoting *A.M.R. v. State*, 134 So. 3d 502, 503 (Fla. 4th DCA 2014))). Further, a trial court is required to grant predisposition credit for time served "on a 'determinate' commitment for an offense such as a misdemeanor that will necessarily conclude before the juvenile reaches the age at which DJJ's authority ends." *J.I.S v. State*, 930 So. 2d 587, 590 (Fla. 2006).[3]

Here, the disposition order failed to specify the maximum penalty for the offense and J.J.A.'s predisposition credit for time served. *See* Fla. R. Juv. P. 8.115(d)(2). And because J.J.A.'s

---

3. All juvenile commitments are technically "indeterminate." *See* § 985.455(3), Fla. Stat. (2025) ("Any commitment of a delinquent child to the department must be for an indeterminate period of time, which may include periods of temporary release; however, the period of time may not exceed the maximum term of imprisonment that an adult may serve for the same offense."). But because the time in commitment cannot exceed the maximum adult punishment, "[c]ourts sometimes refer to commitments circumscribed by the maximum adult punishment as 'determinate.'" *J.I.S.*, 930 So. 2d at 593. Whether a juvenile is entitled to predisposition credit depends on this distinction. *See In re Amends. to the Fla. R. Juv. P.*, 26 So. 3d 552, 557 (Fla. 2009) ("[E]ntitlement to credit for time served in secure detention prior to commitment is dependent upon whether the commitment is determinate or indeterminate.").

commitment will "necessarily conclude" before he "reaches the age at which DJJ's authority ends," it constitutes a determinate commitment. *J.I.S.*, 930 So. 2d at 590. Accordingly, the court was required to grant J.J.A. predisposition credit for time served. *Id.*

## Conclusion

The trial court reversibly erred in failing to specify the maximum penalty, and failing to grant and specify predisposition credit. Thus, we reverse the disposition order and remand for the trial court to enter a corrected disposition order in accordance with this opinion.

AFFIRM in part; REVERSED in part and REMANDED with instructions.

WALLIS and LAMBERT, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____